David H. Van Gelder et al., Respondents, *v.* James .H. Van Gelder, Appellant.

Where the holder of a promissory note parts with the possession thereof to the maker, it is a personal transaction between them, within the meaning of section 399 of the Code of Procedure.

The title of the assignee of a non-negotiable promissory note cannot be affected by declarations of the assignor, made after the assignment.

(Argued April 12, 1880 ; decided June 1, 1880.)

This was an action upon a promissory note, dated July 30, 1869, payable to Sarah Van Gelder. Plaintiffs claimed under a written assignment from said Sarah Van Gelder; she died prior to the trial. Defendant alleged payment. Upon the trial, as a witness in his own behalf, he was asked, if, in January, 1872, he held a note, made by Sarah Van Gelder, of $2,000. This was objected to, on the ground that parol proof of the contents of the note could not be given until its loss had been proved ; also that the evidence was inadmissible, under section 399 of the Code of Procedure. The court allowed the witness to testify that he held a' note of that description up to February 28, 1872. This question was then asked: " Did you part with it on that day ?" This was objected to as incompetent under said section. The court ruled that defendant might testify that he parted with the possession to any other person than Sarah Van Gelder. Defendant then offered to show, by himself, that on February 28, 1872, he parted with the posses-sion of the note ; that he has not had it, or seen it, since that time, and that the note was not then in his possession; that, after search, he has been unable to find it, and does not know where it is. The court excluded the evidence, unless the witness proposed to show that he parted with the note to some other person than Sarah Van Gelder. The defendant then offered to show, by the same witness, that he had served a notice, in writing, on plaintiffs to produce the note, and that he had made inquiries of the family of the deceased and had not been able to learn of the whereabouts of the note, or whether it was still in existence, and that he saw it in the possession of Sarah Van Gelder. The court made the same ruling;

to this last there was no exception. *Held*, that the rulings were not erroneous, as the witness was allowed to show that he held such a note, and was not refused the opportunity of showing that he had parted with the possession of it and held it no longer, or of proving its contents; but his testimony was only refused as to one thing, *i. e.*, that the note passed directly from his hands in to those of Sarah Van Gelder, and if this took place it was a personal transaction, within said section 399; also that there was nothing in the pleadings or the case to show the materiality of the evidence.

Other questions were disposed of on the facts.

Defendant offered to prove statements made by Sarah Van Gelder on the evening of the day of the transfer of the note to plaintiffs. This was objected to and excluded. *Held*, no error; that it was incompetent to affect plaintiffs' title to the note by declarations made by their assignor after the assignment.

In the assignment under which plaintiffs claimed, it was stated as a consideration that the assignees were to pay two-thirds of the expenses of the maintenanance of the assignor and her husband. Defendant set up as a counter-claim expenses incurred by him for such support and maintenance. *Held*, that defendant could not avail himself of the implied covenant of the plaintiffs, as he was not in privity.

*James H. Van Gelder*, appellant in person.

*James B. Olney*, for respondent.

FOLGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.