JEROME D. HOLMES, Appellant, v. WILLIAM E. ROPER et al., as Administrators, etc., Respondents.

An executory promise to pay a sum of money, made without consideration, and intended to operate as a gift after the death of the promisor, is invalid and cannot be enforced.

Where a question put to a witness calls only for proper testimony, but in the course of the answer the witness gives testimony that is improper, the remedy of the party is by motion to strike out the improper testimony, and if he omits, upon the trial, to insist upon his right to have such testimony excluded, its reception is not a ground for reversal; on appeal, an exception to the question is not sufficient.

(Argued December 20, 1893 ; decided January 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which affirmed a judgment in favor of defendants entered upon an order of Special Term confirming the report of a referee, dismissing a claim presented by plaintiff to defendants, as the administrators of Job Holmes, deceased.

The facts, so far as material, are set forth in the opinion.

*S. D. Halliday* for appellant. The note was given by the intestate directly to Jerome D. Holmes, the plaintiff. The note itself imported consideration, and made a *prima facie* case. (*Carnwright* v. *Gray*, 127 N. Y. 92; *Price* v. *Craft*, 12 Johns. 91; *Hughes* v. *Wheeler*, 8 Cow. 83; *Butler* v. *Rawson*, 1 Den. 106.) For the purpose of establishing want of consideration the defendants, under the objections and exceptions of the plaintiff, proved declarations and admissions of Rufus Holmes upon that question, which declarations were made about January 25, 1885, months after the original note had been given, and months after Rufus Holmes had ceased to have any interest whatever in it. This was error. (Code Civ. Pro. § 829; *Christie* v. *Bishop*, 1 Barb. Ch. 115; *Hurd* v. *West*, 7 Cow. 752; *Beach* v. *Wise*, 1 Hill, 612; *Brisbane* v. *Pratt*, 4 Den. 64; *Van Gelder* v. *Van Gelder*, 81 N. Y. 625; *Hutchins* v. *Hutchins*, 98 id. 64; *Paige* v. *Cagwin*, 7 Hill, 368; Greenl. on Ev. § 190.) There was an effort to prove the declarations of Rufus Holmes in the spring of 1883, before the note was given. These declarations were equally incompetent. (*Hutchins* v. *Hutchins*, 98 N. Y. 64.)

*Simeon Smith* for respondents. Declarations by Rufus Holmes at a time prior to the date of the note were competent to impeach the consideration of the note. (*Millenery* v. *Lucas*, 3 Hun, 496; Code Civ. Pro. § 723; 12 Wend. 47; 55 Barb. 589; *Paige* v. *Cagwin*, 7 Hill, 379; *Von Sachs* v. *Kretz*, 72 N. Y. 553.)

O'BRIEN, J.   The defendants are the personal representatives of Job Holmes, who died intestate on the 7th of July, 1887.   The plaintiff is a nephew of the deceased, and son of Rufus Holmes, a brother of the intestate.   Within the period for presentation of claims against the estates of deceased persons, the plaintiff presented to the defendants a claim based upon an instrument, of which the following is a copy :

"$2,000.                        CANDOR, *September* 14, 1885.

" For value received, I promise to pay Jerome Holmes two thousand dollars, thirty days after my death.

"JOB HOLMES."

The claim was disputed by the defendants, and having been referred under the statute, the referee reported in favor of the the plaintiff.   The confirmation of the report was resisted upon a case and exceptions which contained an application for a new trial upon newly discovered evidence, but the report was confirmed.   The General Term, however, upon appeal, set aside the report and granted a new trial.   On a second trial the referee reported against the claim and his decision has been sustained in the courts below.   As there were no pleadings the nature of the defense must be ascertained from the evidence and that indicates that the claim was resisted upon three grounds: 1. That the instrument was a forgery. 2. That if genuine it was procured by duress and fraud. 3. That the note was in the nature of a gift and wholly without consideration.   The referee found upon the evidence that the instrument was signed and delivered without consideration and for the purpose, on the part of the deceased, of providing for a gift to the plaintiff of two thousand dollars out of his estate.   It is well settled that an executory promise of this character, without consideration, and intended to operate as a gift after death, cannot be enforced.   (*Harris* v. *Clark*, 3 N. Y. 93.)   And there is no claim made upon this appeal that the legal conclusions of the referee were erroneous.   Nor is it urged that this court can review the findings of fact upon which the conclusion was based, but, on the contrary, it is

frankly admitted that the evidence was of such a character as to render the finding conclusive upon the plaintiff here. The learned counsel for the plaintiff has directed the whole force of his argument against certain rulings of the referee in the course of the trial, to which exceptions were taken. The principal question arises upon the admission of certain declarations of Rufus Holmes, made after the note, of which the one in suit was a renewal, was given. The plaintiff attempted to establish the validity of his claim upon the theory that the deceased was indebted to Rufus in the sum of $2,000 in the fall of 1884, and that this debt was paid by giving the note to the plaintiff with the consent of Rufus, his father, and that on September 14, 1885, that note was taken up and the one in question given in its place. These facts, if proven, would establish a valid consideration for the note, as the transaction would amount to a gift of the debt by Rufus to his son, the plaintiff, and the delivery of the note in payment of the same by the deceased. The existence of the alleged debt, or any debt whatever, from the deceased to his brother Rufus became, therefore, a material and important issue at the trial. The learned counsel for the plaintiff is doubtless correct in his contention that the legal relation and situation of the parties is the same as if the deceased had given the note directly to his brother Rufus and the latter had immediately transferred it to his son, the plaintiff, and that under such circumstances the admissions or declarations of Rufus after the transfer of the note and all of his interest in the debt, are not admissible against the plaintiff in a proceeding for the collection of the claim. The general rule is that a former owner of a chattel or a chose in action who has transferred his interest to another by an absolute sale or assignment, cannot, by his subsequent admissions, affect the right of the purchaser. In some cases such admissions may be admissible, but only where there is an identity of interests between the assignor and assignee which is deemed to exist where the transfer is merely colorable or nominal, and where a party claims through another by representation, and the declaration is not excluded by some other

rule of evidence. ( *Van Gelder* v. *Van Gelder*, 81 N. Y. 625 ; *Hutchins* v. *Hutchins*, 98 id. 64 ; *Gardner* v. *Barden*, 34 id. 435 ; *Christie* v. *Bishop*, 1. Barb. Ch. 115 ; *Fitch* v. *Chapman*, 10 Conn. 8 ; *Smith* v. *Webb*, 1 Barb. 234 ; *Brisbane* v. *Pratt*, 4 Denio, 64 ; *Paige* v. *Cagwin*, 7 Hill, 368 ; 1 Greenleaf on Ev. § 190.)

We think, however, that the question is not fairly presented by the record. It appears that Dr. Roper, the son-in-law and one of the administrators of the deceased, was examined and cross-examined at length as a witness, his testimony covering some twenty-five pages of the record. During his narrative there was interjected here and there into it various documents, writings and books of account, some of them representing transactions between the two brothers. The words of the witness and the extraneous matter taken from books and papers are so intermingled that it is sometimes difficult to distinguish between them. All of this was supposed to bear in some way either upon the genuineness of the signature to the note or upon the fact of indebtedness, one way or the other, between the two brothers and a settlement of the same. The witness, in the course of his examination, stated, without objection, that he heard a conversation between the two brothers in the month of December, 1884, or the early part of the month of January, 1885, with reference to the sale of property which they owned jointly. It seems that the witness and Rufus were then present at the house of the deceased, and it must be remembered that the parties were engaged in a trial without pleadings of three distinct issues : First, whether the signature to the instrument was genuine ; secondly, whether, if genuine, it was not procured by fraud, and, finally, whether there was any consideration to sustain it under any circumstances. Any fact or circumstance that had any bearing upon either or any of these issues was competent. The plaintiff's counsel objected to the conversation as hearsay, improper, irrelevant and immaterial. The defendants' counsel stated that it was offered on the question of consideration. The referee overruled the objection and the defendants excepted. The witness then pro-

ceeded to state that he heard them talk about selling land owned by them in common, and which it appeared from deeds produced had been subsequently conveyed. The witness then stated that he asked Rufus what his object was in selling the land, and Rufus replied, giving as one of the reasons that he was owing Job, his brother, $3,000, and the only way to pay it was by sale of the land. This latter statement is what the alleged error is predicated upon. Now, it will be seen that it is not clear whether this conversation was had before or after the original note was given. It was certainly before the execution of the note in suit, and the question was, whether that was founded upon any consideration, as the existence of the former note was denied by the defendants, and from their standpoint they had the right to show what transpired between the brothers prior to the date of the note in question. But the question or the offer did not call for the admissions or declarations of Rufus simply, but for a conversation or transaction between the two brothers which might show a settlement or bear in some way upon the genuineness, consideration or validity of the instrument, as a promise to pay a certain sum of money after death. It might as part of the *res gesta* tend to prove a settlement between the brothers, and, instead of an indebtedness by the deceased to Rufus, just the reverse. If the witness in relating the conversation or transaction interjected into it statements or admissions of Rufus to him alone, and not in the presence of his brother, they are not covered by the exception. The plaintiff's counsel should have brought out the facts so as to present the precise point to the mind of the referee. When the question put to a witness in itself calls for nothing but testimony which is proper, but in the course of the answer improper matter is added or intermingled with it, the remedy of the opposite party is by motion to strike out whatever appears to be improper or irresponsive to the inquiry. (*Bronner* v. *Frauenthal*, 37 N. Y. 166; *Bardin* v. *Stevenson*, 75 id. 164; *Denise* v. *Denise*, 110 id. 562.) When in such a case the party against whom the testimony was given, omits at the

trial to insist upon his right to have what is incompetent separated from what is competent, and the former excluded, he cannot, upon appeal, select such parts of the testimony as may appear to be improper, but was not necessarily called for by the question, and ask the court to reverse on such grounds. It is at least doubtful upon the record whether the objectionable statements by Rufus were made to the witness alone or were part of the transaction with his brother, or at least made in his presence, but in any event the objection did not present the point to the referee. This disposes of the main exception discussed by plaintiff's counsel. There is another exception to the admission of certain statements of Rufus in 1883, before any note was claimed to have been given, but they were all drawn out by questions calling for actual business transactions and the conversations therein of the two brothers, and tended to show the nature of the business and the state of the accounts and, while the witness sometimes departed from the strict line of inquiry called for and made statements that were not strictly responsive, yet these were not for the reasons already stated covered by the objection and are not available. The other questions in the case require no further discussion. They were properly disposed of in the court below.

The judgment should, therefore, be affirmed, with costs.

All concur, except BARTLETT, J., not sitting.

Judgment affirmed.