GEORGIANNA WANGNER, as Administratrix of AMELIA S. GRIMM, Respondent, v. PAUL GRIMM, Appellant.

169 421
171 ³506

1. APPEAL — ABSENCE OF EXCEPTIONS. Questions of law not raised on the trial by proper exceptions cannot be reviewed by the Court of Appeals, although the decision of the Appellate Division is not unanimous.

2. TRIAL — SUBMISSION TO THE JURY — CONSENT BY FAILURE TO MOVE FOR DISMISSAL. The failure of defendant to move at the close of the plaintiff's evidence either for dismissal of the complaint or for the direction of a verdict in his favor is a consent to the submission of the case to the jury.

3. REFUSAL TO DISMISS THE COMPLAINT — WAIVER OF EXCEPTION BY PROCEEDING WITH THE CASE. A defendant, who proceeds with the case and puts in evidence on his part subsequent to a ruling by the court refusing to dismiss the complaint at the close of the plaintiff's evidence, waives any exception taken by him to such ruling.

4. PROMISSORY NOTE — NOTICE — TRANSFER OF NOTE — PAYMENT TO ORIGINAL PAYEE. Knowledge by the maker of a note that it was transferred to another, although not in due course by indorsement, but by a gift and delivery thereof, is sufficient to charge him with notice of the ownership, by the donee, of a renewal note given therefor while he must still have possessed such knowledge, and which was never transferred by the donee nor the possession thereof subsequently delivered to the original payee, so as to render ineffectual, as against the donee, payment of the renewal note made to the original payee.

5. WITNESS — TRANSACTIONS WITH DECEASED. The maker of a note is disqualified to testify in his own behalf as to personal transactions and communications between himself and the deceased payee thereof under section 829 of the Code of Civil Procedure, as against one obtaining title to the note through such payee.

6. EVIDENCE — DECLARATIONS IN INTEREST. Declarations of a party in his own interest are inadmissible in his behalf.

7. ADMISSIONS OF FORMER OWNER. Admissions by a former owner of a note made after a transfer of his interest therein to another are inadmissible to affect the right of the holder.

*Grimm* v. *Grimm*, 53 App. Div. 626, affirmed.

(Argued December 5, 1901; decided January 14, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 11, 1900, affirming a judgment in favor of plaintiff entered

upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry J. Speck* for appellant. The original note as well as the note in suit in the hands of plaintiff were not negotiable, were not protected by the law merchant, and were, therefore, mere choses in action assigned to plaintiff by delivery, and subject only to the rules of law applicable to mere choses in action. (*G. Nat. Bank* v. *Bingham*, 118 N. Y. 355; *Freund* v. *I. & T. Bank*, 76 N. Y. 352; *T. H. El. Co.* v. *C. E. Co.*, 56 Fed. Rep. 849; *Heermans* v. *Ellsworth*, 64 N. Y. 159; *Van Keuren* v. *Corkins*, 66 N. Y. 80; *Foster* v. *Beals*, 21 N. Y. 247; *Stoddard* v. *Gailor*, 90 N. Y. 578; *Wanzer* v. *Cary*, 12 Hun, 403; 76 N. Y. 527; *Say* v. *Dascomb*, 1 Hill, 552; *Field* v. *Mayor*, 6 N. Y. 179, 188.) Defendant had no actual knowledge of the transfer of the original note to plaintiff, and the court, therefore, erred in instructing the jury that there was evidence sufficient to charge defendant with notice or knowledge of such transfer, and consequently with knowledge of the transfer to plaintiff of the renewal note in suit. (*Magee* v. *Badger*, 34 N. Y. 249; *A. E. Nat. Bank* v. *N. Y. B. Co.*, 148 N. Y. 705; *Knox* v. *E. M. Co.*, 148 N. Y. 453; *Cheever* v. *P. R. R. Co.*, 150 N. Y. 59; *J. I. Co.* v. *Walker*, 76 N. Y. 524; *Matter of U. N. B. Co.*, 154 N. Y. 272; *Hoge* v. *Lansing*, 35 N. Y. 136; *S. Nat. Bank* v. *Weston*, 161 N. Y. 525.) The court erred in charging the jury that there was evidence sufficient in law to charge defendant with notice of such transfer, and, consequently, with notice of the transfer of the renewal note in suit. (*Meghan* v. *Mills*, 9 Johns. 63; *Andrews* v. *Beecker*, 1 Johns. Cas. 411; *Acer* v. *Westcott*, 46 N. Y. 389; *Parker* v. *Connor*, 93 N. Y. 124; *Heermans* v. *Ellsworth*, 64 N. Y. 159; *Williamson* v. *Brown*, 15 N. Y. 356; *C. V. Bank* v. *Delano*, 48 N. Y. 336; *Stoddard* v. *Gailor*, 90 N. Y. 578; *Cheever* v. *P. R. R. Co.*, 150 N. Y.

66; *Cronch* v. *Miller*, 141 N. Y. 497.) The plaintiff's testimony, which is all the evidence in the case upon the subject, was utterly insufficient to warrant a finding that defendant had notice of the transfer to, or ownership by plaintiff of, the original note, and the court, therefore, erred in submitting the question of notice to the jury. (*Lopez* v. *Campbell*, 163 N. Y. 347; *Pollock* v. *Pollock*, 71 N. Y. 137; *Fealey* v. *Bull*, 163 N. Y. 402; *Booth* v. *B. & A. R. R. Co.*, 67 N. Y. 593; *Linkhauf* v. *Lombard*, 137 N. Y. 426; *Improvement Co.* v. *Munson*, 14 Wall. 442; *Laidlaw* v. *Sage*, 158 N. Y. 96; *Hannigan* v. *Lehigh R. R. Co.*, 157 N. Y. 250; *Hemmens* v. *Nelson*, 138 N. Y. 529; *People* v. *Evans*, 40 N. Y. 1.) The court erred in charging the jury that plaintiff's testimony, if true, was sufficient in law to charge defendant with notice of the transfer to plaintiff of the renewal note in suit. (*C. V. Bank* v. *Delano*, 48 N. Y. 340; *Colson* v. *Arnot*, 57 N. Y. 257; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 328; *Smith* v. *Clewes*, 114 N. Y. 194.) The court erred in charging the jury that Fred M. Grimm was, as to defendant, a special agent of plaintiff for the sole and only purpose of surrendering the original note in exchange for the note in suit, and that his agency was not for collection or to receive payment of the note in suit. (4 Am. & Eng. Ency. of Law [2d ed.], 496; 18 Am. & Eng. Ency. of Law [1st ed.], 191; 1 Am. & Eng. Ency. of Law [2d ed.], 1220; *Hoxie* v. *Kennedy*, 10 N. Y. S. R. 786; *Ludwig* v. *Gillespie*, 105 N. Y. 653; *Schaefer* v. *Henkel*, 73 N. Y. 378; *Coffin* v. *G. R. H. Co.*, 136 N. Y. 655; *Considerant* v. *Brisbane*, 22 N. Y. 389; *Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6; *Taintor* v. *Prendergast*, 3 Hill, 72; *Harp* v. *Osgood*, 2 Hill, 216; *S. L. Ins. Co.* v. *McCain*, 96 U. S. 84; *Claflin* v. *Lenheim*, 66 N. Y. 301.) The court erred in charging the jury that if the jury believed plaintiff, then that plaintiff had sole possession and control of the note in suit from about the day or day after its date, April 16, 1891, and that there is no evidence from which the jury could find that Fred thereafter ever had said note in his possession. (*Crane* v. *Gruenewald*, 120 N. Y. 274.) The

court erred in refusing to permit defendant to testify as to his transactions with Fred M. Grimm and as to what was done with reference to the renewal or payment of the note in suit. (Code Civ. Pro. § 829; *Cary* v. *White,* 59 N. Y. 336; *Squire* v. *Green,* 38 App. Div. 431; *Rank* v. *Grote,* 110 N. Y. 14; *Cotes* v. *Cotes,* 22 App. Div. 621; *Van Keuren* v. *Corkins,* 66 N. Y. 881; *Hildebrant* v. *Crawford,* 65 N. Y. 107; *Nearpass* v. *Gilman,* 104 N. Y. 506; *Crane* v. *Gruenewald,* 120 N. Y. 278; *Starin* v. *Kelly,* 88 N. Y. 422.) The court erred in excluding the notes of Fred M. Grimm to Paul Grimm made after defendant claimed the note in suit had been paid. Also in excluding the testimony of Mattocks and Hedges. (Abb. Tr. Ev. [2d ed.] 1027; *Wanzer* v. *Cary,* 12 Hun, 403; 76 N. Y. 576.) The court erred in excluding the stub of defendant's check book showing the $1,000 check payable to the order of Philip F. Wangner. (*N. U. Co. Bank* v. *Madden,* 114 N. Y. 280; *Wise* v. *P. Ins. Co.,* 101 N. Y. 637; *McCormick* v. *P. C. R. R. Co.,* 49 N. Y. 303, 315.) The case was submitted to the jury upon a wholly erroneous theory of law, and these errors are all before this court for review by reason of the defendant's exceptions to the charge, the defendant's requests to charge, the defendant's exceptions to the court's refusal to charge as requested, and the refusal to vote of one of the Appellate Division justices who sat in the case. (*Warn* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 525; *Hogan* v. *C. P.,* etc., *R. R. Co.,* 124 N. Y. 649.)

*Charles E. Patterson* and *Benjamin E. De Groot* for respondent. This court is precluded from reviewing the findings of fact. (*Warn* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 525; 3 Wait's Practice, 161; *Smith* v. *Kidd,* 68 N. Y. 130; *H. P. Co.* v. *S. I. Co.,* 157 N. Y. 437; *Hopkins* v. *Clark,* 158 N. Y. 299; *Pollock* v. *P. I. Works,* 157 N. Y. 699.) The trial justice committed no error upon the trial. (Code Civ. Pro. § 1909; *Paige* v. *Cagwin,* 7 Hill, 361.) The judgment must be affirmed, because of the findings of fact in

favor of the plaintiff. The theory of the defendant prevailed as to questions of law raised upon the trial, but, as matter of law, the findings of fact require judgment for the plaintiff. (L. 1897, ch. 612, §§ 20, 320; *Hedges* v. *Sealy*, 9 Barb. 214; *Billings* v. *Jane*, 11 Barb. 620; 2 Daniel on Neg. Inst. [2d ed.] 240, § 1233; *Wheeler* v. *Guild*, 20 Pick. 545; *Williams* v. *Walker*, 2 Sandf. Ch. 325; *Kellogg* v. *Smith*, 26 N. Y. 18; *Purdy* v. *Huntington*, 42 N. Y. 334; *Brown* v. *Blydenburgh*, 7 N. Y. 141; *Coffman* v. *Bank of Kentucky*, 41 Miss. 212; *Wilcox* v. *Aultman*, 64 Ga. 544; *Lyon, Potter & Co.* v. *F. Nat. Bank*, 85 Fed. Rep. 120.)

MARTIN, J. On March 10, 1890, Fred M. Grimm, the husband of the plaintiff's intestate, who was conducting business in the city of Troy, N. Y., entered into an agreement with the defendant by which he sold and transferred to him his business for the consideration of seven thousand dollars, of which three thousand dollars was paid in cash and the remaining four thousand dollars was secured by four notes of one thousand dollars each, dated respectively, April 10, May 10, June 10 and July 10, 1890, each to become due thirty days after its date. They were all made payable to the order of Fred M. Grimm and delivered to him. Soon after, and in the following month, he entered into an agreement with Philip F. Wangner, the father of the intestate, by which he sold and transferred to Fred certain premises owned by him (Wangner), for the consideration of twelve thousand dollars, in part payment of which Fred delivered to Wangner the four notes of one thousand dollars each given to him by the defendant. At the conclusion of that transaction Wangner gave and delivered to the intestate one of those notes, which, although payable to the order of F. M. Grimm, was not indorsed by him.

About that time, at the house of his mother, the defendant and the intestate met, and while there she informed him that her father, to whom his notes had been transferred, had given her one of them, and the defendant thereupon congratulated

her upon the gift from her father, remarking that it was a nice present and that she now had one thousand dollars in her own right. After the gift to the intestate that note remained in her possession for about one year, when her husband informed her that the defendant wanted to renew it, and she authorized him to have it renewed, which was done. The note in suit was the renewal note made upon that occasion, which was at once delivered to the intestate and remained in her possession until the commencement of this action. It was for one thousand dollars payable four months after date to the order of F. M. Grimm and dated April 16, 1891. There was no positive proof that the defendant had any knowledge of the delivery of the renewal note to the intestate, although there was proof from which the jury was justified in finding that he knew that the note in suit was given to renew a note of which the intestate was the owner and holder. There was sufficient evidence to justify a finding that the defendant paid the note in suit to the payee thereof during the lifetime of the latter, but it was insufficient to conclusively establish that fact. Although there was a conflict in the evidence as to some of the facts stated, still, as the jury found in favor of the plaintiff, they must be regarded as established by its verdict.

Upon the trial considerable evidence was given by both parties, and the court submitted to the jury three questions for its determination, which in effect were: 1. Did her father give the intestate one of the original notes which the note in suit was given to renew? 2. Did the defendant, before any payment was made on the note, have notice that the intestate was the owner of the original note given to her by her father? and, 3. Did the defendant during the year 1892 pay Fred Grimm one thousand dollars upon the debt secured by the note in suit without notice that the intestate was the owner of it? The jury rendered a general verdict in favor of the plaintiff for the amount of the note and interest thereon. At the close of the evidence the defendant failed to move for a nonsuit or for the direction of a verdict.

Although the decision by the Appellate Division cannot be regarded as unanimous, as one of the justices sitting did not vote (*Warn* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 525), yet, much of the appellant's discussion is not available upon this appeal for the reason that the record fails to show any proper exception by which the questions argued are presented. The jurisdiction of this court is limited to the review of questions of law. (Code of Civil Procedure, § 191.) We can review only such legal questions as are raised on the trial by a proper exception. (*Wicks* v. *Thompson*, 129 N. Y. 634.) No objection not so taken can be considered by us. (*Serviss* v. *McDonnell*, 107 N. Y. 260, 265; *Sullivan* v. *Dunham*, 161 N. Y. 290, 300.) As we have already seen, at the close of the evidence the defendant omitted to move either for a dismissal of the complaint or for the direction of a verdict in his favor. The legal effect of this was to consent to the submission of the case to the jury. Moreover, the defendant having subsequently proceeded with the case and put in evidence on his part, he waived any exception taken by him to the ruling of the court refusing to dismiss the complaint at the close of the plaintiff's evidence. (*Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437; *Pollock* v. *Pennsylvania Iron Works Co.*, 157 N. Y. 699; *Hopkins* v. *Clark*, 158 N. Y. 299; *Littlejohn* v. *Shaw*, 159 N. Y. 188, 191; *Ross* v. *Caywood*, 162 N. Y. 259, 265.)

This leaves for our consideration only such questions as were properly raised by exception to the rulings upon the trial or to the charge of the learned trial court. On the trial the judge charged the jury that " if the defendant knew that the original paper of which this note is a renewal, belonged to the plaintiff, then he is held in law to know that this renewal paper was the property of the plaintiff, there being no evidence anywhere that he ever was informed that the renewal paper or the original paper had changed hands from the plaintiff to Fred Grimm, or to any one else. Of course, this rests upon the question as to whether he had notice that the original paper belonged to the plaintiff." To this portion of

the charge the defendant excepted. Thus the question is presented whether, assuming that the defendant knew that the debt which was secured by the original note which the note in suit was given to renew belonged to and was the property of the plaintiff's intestate, that knowledge applied to the renewal note so that a payment of the debt thus secured was a payment with such notice as to render it ineffectual as against her.

Before considering the correctness of this instruction, it is necessary to determine the relation which existed between the plaintiff's intestate and the maker of the note, which was not transferred to her in due course by the indorsement of the payee, but by a gift and delivery thereof. It is well settled in this state and elsewhere that the owner of negotiable paper, who obtains title without indorsement by the payee, holds it subject to all the equities and defenses which exist between the original parties. Where such an instrument is so transferred, it is treated as a chose in action assigned to the holder, and the assignee acquires all the title of the assignor and may maintain an action thereon in his own name. While, like other assigned choses in action, it is subject to all the equities and defenses existing in favor of the maker, including the payment of the note to the payee if the payment is made without notice of the title of the holder, still, when a debtor has notice of the assignment, he may not thereafter make a valid payment to the assignor. (*Goshen Nat. Bank* v. *Bingham,* 118 N. Y. 349, 354; *Freund* v. *Importers and Traders' Nat. Bank,* 76 N. Y. 352, 358.) It is the duty of an assignee of a non-negotiable chose in action, in order to protect himself against payment by the debtor to the original creditor, to notify the former of the assignment. (*Heermans* v. *Ellsworth,* 64 N. Y. 159.)

In the further discussion of the question whether the defendant was justified in paying to the payee the debt secured by the original note and renewed by the note in suit, it must be assumed not only that the defendant had notice that the intestate was the owner of the debt secured by the

original note, but it must also be assumed that her husband was her agent only to procure such renewal and had no authority from her to collect or accept payment thereon. Moreover, neither the note in suit nor the original note was in the possession of the person to whom it is claimed that the debt was paid when the payments are alleged to have been made. As a general rule, to make a payment to one, not the legal owner of a security or chose in action, effectual, the duty devolves upon the person paying of showing that the one to whom the payment was made had, at the time, a right to receive it. (*Seymour* v. *Smith*, 114 N. Y. 481, 486.) To this general rule there is, however, at least one exception, which is, if the payment is made to one having apparent authority to receive the money it will be treated as if the authority was actual; thus, if a mortgagee permits the attorney who negotiates a loan to retain in his possession the bond and mortgage after the principal is due, and the mortgagor with knowledge of that fact and relying upon the apparent authority thus afforded shall make a payment to him, the owner will not be permitted to deny that the attorney possessed the authority which the presence of the securities indicated he had. But even in such a case the attorney must not only have possession of the securities with the consent of the mortgagee, but the mortgagor must also have knowledge of such possession. (*Crane* v. *Gruenewald*, 120 N. Y. 274.) It is incumbent upon a debtor, who makes payment to another who is a mere agent, to show that the securities were in the agent's possession on each occasion when the payments are made, and it is not incumbent on the creditor to show notice to the debtor of the withdrawal of the possession of such papers. (*Smith* v. *Kidd*, 68 N. Y. 130.) In *Doubleday* v. *Kress* (50 N. Y. 410) this court held that possession by an assumed agent of a promissory note payable to the order of the payee and not indorsed by him, was not sufficient evidence of his authority to authorize a payment thereof to him. In that case the payee delivered to an agent a note with authority to receive the interest and to take a new note with an indorser. The maker paid the

principal and interest to the agent, and it was held that the agent was not authorized to receive payment of the principal in money, and that the plaintiff was entitled to recover against the maker.

Again adverting to the circumstances of this case, we find that shortly after the original note was given the defendant possessed complete knowledge of the facts that the original note had been transferred to the father of the intestate, and that he in turn had transferred it to her. Hence, the defendant knew that she was the owner and holder of the debt thus secured, and possessed the right to enforce it as against him. Afterwards, and while he must still have possessed knowledge of that fact, he renewed the original note by giving the note in suit to secure a debt which he knew belonged to her. So it is clear that he had notice of her ownership of the debt when the note in suit was given. Moreover, as that note was never transferred by her, nor the possession thereof subsequently delivered to the person to whom it is claimed to have been paid, it becomes quite obvious that if the defendant paid it he did so at his peril. We think these conclusions are fully sustained by the authorities to which we have referred. Therefore, under the circumstances established by the proof, the court was justified in charging the jury that if the defendant knew that the original paper of which the note in suit was a renewal belonged to the plaintiff (the intestate then being alive) he must in law be regarded as knowing that the note given in renewal thereof was the property of the plaintiff, there being no evidence to the contrary.

On the trial the defendant offered his own testimony as to personal transactions and communications between himself and the payee of the note from, through or under whom the plaintiff's intestate obtained title to the debt or note sought to be enforced by this action. This evidence was objected to, among others, upon the ground that it was inadmissible under section 829 of the Code of Civil Procedure. The objection was sustained and the defendant excepted. There were several rulings of this character, to each of which an exception

was taken. These exceptions, at least so far as we deem it necessary to consider them, present the question whether, under the provisions of section 829, the defendant was a competent witness to testify in his own behalf or interest as to personal transactions and communications between himself and the deceased payee, to whom the notes were originally given. That section, so far as applicable to this question, may be paraphrased as follows: Upon the trial of an action, a party or person interested in the event shall not be examined as a witness in his own behalf or interest against a person deriving his title or interest from, through or under a deceased person, concerning a personal transaction or communication between the witness and the deceased person. The defendant was a party, and interested in the event of this action. He offered himself as a witness in his own behalf or interest and against a person deriving her title or interest from, through or under Fred M. Grimm who was deceased, and concerning a personal transaction or communication between the witness and such deceased person. Thus, we think, it is apparent from the plain reading of the statute that this testimony was within the inhibition of section 829, and that the court properly excluded the testimony thus offered.

The defendant offered to prove admissions of Fred M. Grimm and also his own statements in his presence which were made in 1893, years after the plaintiff's intestate had become the owner and holder of the debt and notes, to the effect that Fred had at home one of the defendant's old notes that had been paid. This evidence was objected to as "incompetent, irrelevant, immaterial; declarations or statements of Paul Grimm cannot be given in evidence in his own behalf, and those of Fred Grimm cannot be given in evidence as against this plaintiff, and this conversation is long after the defendant claims that the note in question was paid; and hearsay." The objection was sustained and the defendant excepted. Certainly his declarations in his own interest could not be properly proved in his behalf. Moreover, the general rule in this state is that the former owner of a chattel or chose in action

who has transferred his interest to another, cannot by subsequent admissions affect the right of the owner or holder. (*Van Gelder* v. *Van Gelder*, 81 N. Y. 625, 626 ; *Holmes* v. *Roper*, 141 N. Y. 64, 67 ; *Hutchins* v. *Hutchins*, 98 N. Y. 56 ; *Coyne* v. *Weaver*, 84 N. Y. 386 ; *Lent* v. *Shear*, 160 N. Y. 462, 469.) Obviously, the court committed no error in rejecting this evidence.

There are several other exceptions to which our attention has been called by the appellant. All of them have been carefully considered without finding any which requires special consideration or that would justify a reversal.

Therefore, the judgment and order should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment accordingly.