JONES v. DALY et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. LEASE—BREACH OF LESSEE—WAIVER—QUESTION FOR JURY.
   On an issue whether a landlord had waived a breach of a covenant in the lease requiring the lessee to erect a building on the premises within a certain time, where the testimony was conflicting, the question was for the jury.

2. OMISSION TO MOVE FOR DIRECTED VERDICT—EFFECT.
   Omission to move for direction of a verdict is, in legal effect, a consent to the submission of the cause to the jury.

3. BREACH OF LEASE—WAIVER—CONSIDERATION.
   A landlord's agreement to permit an assignment of the lease and to waive the lessee's breach of a covenant to erect a building was based on a sufficient consideration where he was desirous that the leased premises be occupied for a particular business, and the lessee's executors had signified their intention to retire from that business, and there was nothing to show that they would have assigned the lease unless he had consented to waive the breach, and where he by the assignment received additional security for the performance of the covenants of the lease and immediate payment of rent then due, for which he might otherwise have been required to await the settlement of the lessee's estate.

Appeal from trial term, New York county.

Action by Oliver L. Jones against Joseph F. Daly and others, as executors of Augustin Daly, deceased. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

J. Langdon Ward, for appellant.
Stephen H. Olin, for respondents.

McLAUGHLIN, J. On the 1st of May, 1891, Augustin Daly leased from the plaintiff certain premises in the city of New York for a term of 16 years, and he covenanted, among other things, that he would, at his own expense, within three years from the date of the lease, erect upon a portion of the premises a four-story building. The lease provided that for a breach of this covenant the lessor could, at his option, terminate the same, and which, by its terms, was binding upon the executors, administrators, and assigns of the respective parties thereto. Mr. Daly died on the 7th of June, 1899, leaving a will, which was admitted to probate, and letters testamentary thereafter issued to the defendants in this action. At the time of his death he had failed to erect the building as provided in the lease, and by reason thereof was liable to the plaintiff for whatever damage he had sustained by reason of such failure. The premises were what is known as "Daly's Theater," and where Mr. Daly for many years had conducted a theatrical business. Immediately following his death the question was presented as to whether or not his executors should continue the business the same as it had theretofore been carried on by their testator, and it was finally determined, notwithstanding the plaintiff desired otherwise, that they would entirely abandon it and sell the lease, provided the plaintiff would waive his claim for damages arising by reason of the failure of Mr. Daly to erect the building referred to. This information was imparted to the plaintiff, and the testimony on the part of the defendants offered at the trial tended to show that he not only consented to the assignment of the lease and to waive his claim for damages, but that he expressly agreed that when the lease was offered for sale the defendants might state, as an inducement to would-be purchasers, that the failure on the part of Mr. Daly to keep his covenant to erect a building was waived. Thus, one of the defendants' witnesses testified that at this interview he said to the plaintiff: "Now, Dr. Jones, if we offer this lease for sale, may I say to the purchaser that the default, if any, of Mr. Daly in building the front building on these premises is waived, and that you are ready to negotiate with any purchaser of the lease for an extension of the covenant for building the front, and, in connection with that, for an extension of the term of the lease, if the purchaser so desires?" and that the plaintiff answered, "You may." The plaintiff admitted that the conversation referred to by this witness took place, but he denied that he agreed to waive the default of the defendants' testator or his claim for damages therefor. Subsequently the defendants, with the written consent of the plaintiff, assigned the lease, "subject to the rents, covenants, conditions, and provisions" therein contained, which the assignees obligated themselves to keep and perform in all respects. Immediately prior to the delivery of the assignment, and when the same was presented to the plaintiff for the purpose of having him indorse his consent thereon, his attention was called to the fact that the assignees named in the assignment had assumed all the covenants of the lease, and thereafter the defendants were liable only as sureties. With this

understanding, or evidence which justified the jury in finding it, the plaintiff indorsed upon the assignment his consent, and the same was delivered to Klaw & Erlanger, the assignees therein named, and out of the moneys paid by them to the defendants, as a part of the consideration therefor, the plaintiff received $15,000 for rent which had then accrued. Subsequently he brought this action to recover damages alleged to have been sustained by reason of the failure of defendants' testator to erect the building as provided in the lease. The jury rendered a verdict of no cause of action, and from the judgment thereafter entered and an order denying a motion for a new trial plaintiff has appealed.

The plaintiff assails the judgment, principally, upon the ground that it is against the weight of evidence, and that erroneous instructions were given to the jury as to the law applicable to the facts established by the evidence. After a careful consideration of the record, we are of the opinion that the verdict is not against the weight of evidence, nor do we think any error was committed by the learned justice at the trial in the instructions given to the jury, nor in the refusals to instruct as requested by plaintiff's counsel. It is clear that a question of fact was presented as to whether the plaintiff agreed, in case defendants assigned the lease, to waive his claim for damages for a failure to erect the building provided in the lease; and it seems that the plaintiff's attorney at the trial recognized this fact, because no request was made for the direction of a verdict, nor was any objection made to the submission of such question to the jury. The omission to move for the direction of a verdict was, in legal effect, a consent to the submission of the case to the jury. Wangner v. Grimm, 169 N. Y. 421, 62 N. E. 569; Pollock v. Pennsylvania Iron Works Co., 157 N. Y. 699, 51 N. E. 979; Ross v. Caywood, 162 N. Y. 265, 56 N. E. 629. The jury by their verdict—and there is sufficient evidence to sustain it—found that the plaintiff agreed, in case of a sale of the lease, to waive his claim for damages against the defendants for a breach of the covenant to erect the building. But it is suggested that this agreement had no legal effect, inasmuch as there was no consideration for it. There is, it seems to us, no force in the suggestion. The plaintiff was desirous that the leased premises should be occupied as a theater. The defendants had signified their intention to retire from the theatrical business, and it was therefore presumably of some importance to the plaintiff that the lease should be transferred to some one who would carry on the business he desired, and there is nothing to show that, if he had not waived his claim for damages, the defendants would have assigned the lease, or that they would not have performed, so far as they could, all of the covenants which their testator was obligated to perform by the terms of the lease. But, independent of this fact, the plaintiff obtained additional security for the performance of the covenants of the lease. Klaw & Erlanger, the assignees, by the terms of the assignment to them, assumed, and thereby agreed, to perform all of the covenants, conditions, and provisions of the lease. The plaintiff also received, by reason of the assignment, the immediate payment of the rent then due, amounting to $15,000, for

which he might otherwise have been compelled to wait until the administration of Mr. Daly's estate, and then, upon a distribution, take his chances with other creditors, if such there be. We are of the opinion that the judgment appealed from is right, and that the same should be affirmed, with costs.

Judgment affirmed, with costs.

HATCH. O'BRIEN, and INGRAHAM, JJ., concur. LAUGHLIN, J., concurs in result.