ALBON F. McGRATH and JOSEPH McCARTHY, Respondents, *v.* THE HOME INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

*Knowledge of an insurance broker as to the ownership of insured property — not imputed to the insurance company — failure to move for a nonsuit — not an admission that a question of fact exists — exception not essential to a review of a question of law at the Appellate Division.*

Knowledge possessed by an insurance broker, who, under an arrangement with the authorized agents of an insurance company, solicits policies of fire insurance in consideration of a percentage of the premiums paid to him by the agents of the insurance company, in regard to the ownership of the property covered by a policy of fire insurance solicited by him, cannot be imputed to the insurance company so as to afford the basis of a waiver of a provision in the policy that it shall be void " if the interest of the insured be other than unconditional and sole ownership."

The failure of the defendant, in an action tried before a jury, to move for a nonsuit at the close of the evidence, does not operate as a concession that there was a question of fact for the jury to determine which will be binding upon the defendant on an appeal by him to the Appellate Division from a judgment entered upon the verdict of a jury rendered in favor of the plaintiff.

While questions of law, not raised on the trial by proper exceptions, cannot be reviewed by the Court of Appeals, an exception is not essential to justify a review thereof by the Appellate Division.

APPEAL by the defendant, The Home Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Franklin on the 28th day of March, 1903, upon the verdict of a jury for fifty dollars, and also from an order entered in said clerk's office on the 9th day of April, 1903, denying the defendant's motion for a new trial made upon the minutes.

The plaintiffs were the owners of a certain stock of goods, fixtures, etc., in a building at Bloomingdale, N. Y., used as a meat market. At some time prior to the 27th of May, 1902, the plaintiff McGrath applied to one R. H. McIntyre, at Bloomingdale, for insurance upon the said stock and fixtures. The only relation between McIntyre and the defendant was, that in consideration of five per cent of premiums given to him by O'Neil & Hale, the regularly constituted agents of the defendant at Malone, N. Y., he solicited insurance for such agents. He was furnished by O'Neil & Hale with some stationery which bore the heading of the German Insurance Company of Freeport, another company represented by the said agents. Upon May 26, 1902, McIntyre wrote to O'Neil & Hale in substance that he had an application from A. McGrath for a policy covering butcher supplies and tools, while contained in what is known as the Costlow Market in Bloomingdale, Essex county, N. Y.; that he wanted $200 insurance. Thereupon O'Neil & Hale sent to him the insurance policy of this defendant which purported to insure A. McGrath for the term of one year against loss or damage by fire to an amount not exceeding $200, upon butcher supplies consisting of fresh and salted meats, fish, provisions, canned goods, groceries, and on butcher's tools, knives, blocks, scales, tables, etc. The policy was the standard fire insurance policy of the State of New York and contained the usual conditions and provisions of such policy. On the 11th day of June, 1902, fourteen or fifteen days after the policy was issued, the building was destroyed by fire. Proofs of loss were thereupon made, payment was refused by the defendant, and this action was brought. The complaint alleged substantially the facts above set forth, stating

that the property belonged to the plaintiffs as copartners, but did not ask for a reformation of the contract. The trial court, however, allowed the plaintiff to amend the complaint so as to ask for reformation of the policy. Such reformation, however, he denied, and directed the jury to render a verdict for only one-half the amount which they should find was the value of the property. A verdict was rendered for fifty dollars. From the judgment entered upon this verdict, and from the order denying defendant's motion for a new trial, defendant has appealed.

*Badger & Cantwell*, for the appellant.

*John P. Kellas*, for the respondents.

SMITH, J.:

Upon the trial the defendant insisted upon three defenses: *First*, that under the terms of the policy, it was void "if the interest of the insured be other than unconditional and sole ownership;" *secondly*, that the plaintiffs furnished fraudulent proofs of loss; *thirdly*, that the property was burned by the act or connivance of the plaintiffs. We are convinced that the defendant's first objection must prevail, and it, therefore, becomes unnecessary to examine the other questions which the defendant has urgently insisted upon.

It is unquestioned that the interest of McGrath, who was insured by the defendant, was not the unconditional and sole ownership of the property insured. Under the terms of the policy itself, therefore, the policy was ineffective unless the defendant has waived this condition to its validity. The force of this objection is sought to be evaded by the plaintiff by testimony of McGrath to the effect that McIntyre was correctly informed as to the actual ownership of the property at the time the application was made to him. There is no claim that any information of such fact was conveyed by McIntyre, to the defendant's lawfully appointed agents, and, in fact, McIntyre denies that such information was given to him. Assuming for the argument that McIntyre was so informed of that fact, we think it cannot avail the plaintiffs by reason of the fact that McIntyre was not the agent of the defendant. The policy provides that in any matter relating to this insurance, "no person, unless duly authorized in writing, shall be deemed the agent of this company." There is

no pretense that McIntyre had any authority in writing, or that he acted other than as an insurance broker soliciting insurance and placing his orders with the defendant's agent. It is insisted by the plaintiffs' counsel that information to McIntyre had the same effect as would information to a clerk in the office of the defendant's agent. To this we cannot agree. Clerks are necessary adjuncts to business of any size, and as far as they may be necessary adjuncts their knowledge may to an extent be deemed knowledge of their employers. The relation of McIntyre to these agents was quite different, and his knowledge could no more be deemed the knowledge of the defendant's agent than would the knowledge of any agent or broker who was soliciting insurance between private parties and the insurance company. Without knowledge then on the defendant's part of the fact that the insured was not the sole owner of the property insured, and without proof of its having waived this provision of the policy, we see no escape from the defendant's contention that the policy has thereby become void.

The respondents again insist that the appellant by its failure to move for a nonsuit at the close of the evidence has conceded that there is a question of fact for the jury, by which concession it is now bound. They cite in support of this position *Wangner* v. *Grimm* (169 N. Y. 421); *Sigua Iron Co.* v. *Brown* (171 id. 488); *Hopkins* v. *Clark* (158 id. 299); *Littlejohn* v. *Shaw* (159 id. 191); *Pollock* v. *Penn. Iron Works Co.* (157 id. 699); *Ives* v. *Ellis* (169 id. 85). In these cases it seems to be held that a failure to move for a nonsuit at the close of the evidence is a concession that there is evidence sufficient to go to the jury, which concession is binding upon a defendant upon appeal. It is further held that after a denial of a motion for a nonsuit, made after the plaintiff's evidence is received, the submission of evidence by the defendant is a waiver by the defendant of an exception taken to such denial, and that the defendant, in order to avail himself of his exception, must move again at the close of the evidence, upon all of the evidence, for a dismissal of the complaint. The cases cited, however, in which these rules are held, are all cases which arose upon an appeal from an affirmance of a judgment by the Appellate Division, where the judgment is sought to be reversed in the Court of Appeals upon the ground that the evidence does not sustain the verdict. The Court of Appeals is lim-

ited by the Constitution (Art. 6, § 9) to a review of judgments upon questions of law only, and the rule is fairly stated in the head note to *Wangner* v. *Grimm* (*supra*) in this language : " Questions of law not raised on the trial by proper exceptions cannot be reviewed by the Court of Appeals." That such is the rule laid down for the Court of Appeals seems to be established by the authorities cited. I do not understand, however, that by these cases it was intended to lay down any rule for the guidance of the Appellate Division in its review of a judgment of a trial court. The Appellate Division has wider jurisdiction. It may review questions of law and fact, and may reverse where the judgment is against the weight of evidence. No exception is needed to give jurisdiction to the Appellate Division to review errors of law committed upon the trial. (*Gillett* v. *Trustees of Kinderhook*, 77 Hun, 604; *Matter of Brundage*, 31 App. Div. 348; Abb. Tr. Brief, Civil Jury Trials [2d ed.], 260, and cases cited.) That this rule laid down in *Wangner* v. *Grimm* was not intended to be a rule of law limiting the right of review in the Appellate Division is clearly shown by the case of *Shotwell* v. *Dixon* (163 N. Y. 43). In that case the Appellate Division had reversed a judgment of the Trial Term on the ground that, as a matter of law, the evidence was not sufficient to sustain the verdict. The defendants had failed to make a motion for a nonsuit, and the plaintiff appealed from the judgment of reversal to the Court of Appeals, insisting that the Appellate Division was without power to reverse upon that ground because of the defendants' failure to move for a nonsuit at the close of the evidence. The question here at issue was squarely presented, and (at p. 53) MARTIN, J., writing for the court, says : " The contention of the appellant that the defendants, by submitting the case upon the testimony without making a motion for a nonsuit, conceded that the evidence was sufficient to make the question of the creditor's knowledge one of fact, cannot be sustained. It cannot be properly held that where a plaintiff fails to establish a cause of action, the defendant, by submitting the case without moving for a nonsuit, supplies the necessary proof, or is to be regarded as waiving his right to raise that question upon appeal.

" Nor do we think the appellant's other contention, that because the defendants were not sworn as witnesses in the case the court may assume that a cause of action exists without the proof necessary

to constitute it, can be upheld. So long as the plaintiff had not established a cause of action against them they were neither required to make a motion for a nonsuit to protect their rights, nor were they called upon to introduce evidence to contradict or explain facts which were insufficient to establish any liability against them." The doctrine of the case of *Griffith* v. *Staten Island R. T. R. R. Co.* (89 Hun, 141) seems to be overruled in the *Shotwell* case, cited.

We conclude, therefore, that the trial court erred in submitting this case to the jury, and the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event of the action.

All concurred, PARKER, P. J., in result.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.