### WESTCHESTER FIRE INS. CO. v. GURIAN.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. INSURANCE—LIABILITY FOR PREMIUMS—RETENTION OF POLICY.

Where insured accepts from an insurance broker a fire policy which the broker had induced the company to issue, and keeps it for three months, he is prima facie liable for the premium.

2. SAME—CANCELLATION—RETURN TO BROKER.

An insurance broker, who has procured the issuance of a fire policy, is not the agent of the company so that his subsequent acceptance of the policy from the insured will operate as a cancellation thereof, barring a recovery of the premium from the insured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 519.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by the Westchester Fire Insurance Company against Morris Gurian. From a judgment in favor of defendant, plaintiff appeals. Reversed and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

William W. Butcher, for appellant.

MILLER, J. The appellant urges that the justice of the Municipal Court erred in dismissing the complaint at the close of the plaintiff's case, and in excluding certain testimony offered by the plaintiff. The action is brought to recover a premium on a policy of fire insurance, which an insurance broker procured the plaintiff to issue. The evidence tends to show that the policy was delivered by said broker to the defendant, who promised to pay therefor; that it was kept by the defendant three months and then returned to said broker, who delivered it to plaintiff. The plaintiff sought to show the transaction at the time of the return of the policy to it, and that in fact the policy was never canceled, but this evidence was excluded.

It cannot be doubted that a promise to pay the premium may be implied from the acceptance and retention of the policy by the defendant. The plaintiff made a prima facie case, unless its acceptance of the policy operated to cancel the contract. The broker was not the agent of the plaintiff. See Northrup v. Piza, 43 App. Div. 284, 60 N. Y. Supp. 363, affirmed 167 N. Y. 578, 60 N. E. 1117; McGrath v. Home Insurance Co., 88 App. Div. 153, 84 N. Y. Supp. 374. Therefore his consent to a return of the policy did not bind the plaintiff, and it is impossible for us to tell, from this record, what the plaintiff did respecting the surrender of the policy and its cancellation, because the evidence upon this subject was excluded by the court.

For this reason the judgment of the Municipal Court must be reversed, and a new trial ordered, costs to abide the event. All concur.