Matter of the Judicial Settlement of the Accounts of HUGH CONGER, as Executor of the Last Will and Testament of MANLY W. CONGER, Deceased.

(Surrogate's Court, Albany County, September, 1920.)

Claims — when contested claims allowed in full — subscriptions — religious corporations — evidence — consideration.

An instrument by which the signer agrees to pay a certain sum out of his estate one day after his death, to two incorporated missionary boards of the Methodist Episcopal church, on condition that they secure other subscriptions to the cause of Christian missions, is supported by a sufficient consideration.

Where upon the hearing of a contested claim on such a subscription the proof shows that after it was made said board obtained other subscriptions to the cause, the claim will be allowed in full, with costs.

CLAIM of George M. Fowles, as treasurer of the Joint Centenary Committee of the Board of Home Missions and Church Extension and Board of Foreign Missions of the Methodist Episcopal Church.

Surrogate's Court, Albany County, September, 1920. [Vol. 113.

George H. Witbeck, for claimant.

A. H. Crounse (Newton B. Van Derzee, of counsel), for executor.

Staley, S. The above claim having been rejected by the executor is brought on for determination in the proceeding for final settlement in this estate. The claim arises out of the following instrument executed by the decedent in his lifetime:

" Centenary Estate Pledge

" For the Board of Home Missions and Church Extension and for the Board of Foreign Missions of the Methodist Episcopal Church

(Manly W. Conger)          *March* 20, 1919

" In consideration of my interest in Christian Missions, and on condition that the above named Boards secure other subscriptions for this cause, and for value received, I hereby promise and agree to pay to the Board of Home Missions and Church Extension and the Board of Foreign Missions of the Methodist Episcopal Church, at No. 150 Fifth Ave., New York City, the sum of

" One Thousand.........Dollars ($1000.00) which shall become due one day after my death, payable out of my estate, interest at the rate of ...... per annum from date.

" Dayton E. McClain     Name    Manly W. Conger
         " Witness

" William H. Edwards   Address      Clarksville
         " Witness               Alb Cy

" Conference   Troy    District    Albany
                       Charge    Clarksville

" Make all checks payable to George M. Fowles, Treasurer, 150 Fifth Ave., New York.

" Mail subscriptions to F. T. Keeney, 207 Fayette Park Building, Syracuse, N. Y."

Misc.] Surrogate's Court, Albany County, September, 1920.

The claim is resisted by the executor upon the grounds that the note on which the claim is based was signed and delivered ·by the decedent without consideration; that it was an executory prom· ise without consideration and intended to operate as a gift after the death of the decedent, and upon the ground that the payee of the note is not an incorporated body authorized to receive or enforce its payment.

From the evidence it appears that the Board of Home Missions and Church Extension and the Board of Foreign Missions of the Methodist Episcopal Church, through a committee known as the joint centenary committee, undertook the task of raising $105,000,000 to carry on the work of the church. One-half of this amount, or the amount raised, is to be used in the United States and the other half in foreign fields. The committee proposed three forms of giving: one form was called the straight centenary pledge of so much a year for five years, another form the annuity, in which the donors turned over to the church a sum of money, getting the interest on it as long as they lived and at their death it becomes the property of the board, and the third, the form here in question, was known as the estate pledge form, in which the donors pledge a definite amount to be payable out of their estates after their death.

The evidence establishes that the payees of the note are the two boards, and that these boards are incorporated and are, therefore, authorized to enforce payment.

It is well settled that an executory promise without consideration and intended to operate as a gift after death cannot be enforced. *Holmes* v. *Roper*, 141 N. Y. 64.

An instrument by which the signer agrees to pay

Surrogate's Court, Albany County, September, 1920. [Vol. 113.

another a certain sum at a specified time after death, if supported by a sufficient consideration, is a valid and enforceable obligation. *Worth* v. *Case,* 42 N. Y. 362, 366; *Carnwright* v. *Gray,* 127 id. 92; *Keuka College* v. *Ray,* 167 id. 96.

In the latter case Judge Gray, writing the opinion, said: '' The question of the enforceability of agreements of the nature of the one in question has been frequently the subject of judicial opinion and we are cited to many cases in the briefs of counsel; but I think the discussion is reduced simply to this, whether the agreement which is sought to be enforced, and which is a voluntary promise on the part of the defendant, expressly, or impliedly, either imposes upon the promisee some obligation, which is assumed, or requests of the promisee the performance of services, which are to be performed upon the strength of the promise. If those conditions are met, then, within the rule of law, there is a consideration which will suffice to uphold the agreement, or the promise. \* \* \* The doctrine, however, may be regarded as well established that, if money is promised to be paid upon the condition that the promisee will do some act, or perform certain services, then the latter, upon performance of the condition, may compel payment. Nor need a request to the promisee to perform the services be expressed in the instrument; it may be implied.''

The contention in this case resolves itself into a question of fact as to whether there was sufficient consideration recognized by law, to sustain the promise of the decedent. The instrument in question expressly recites that the promise and agreement to pay these boards the sum of $1,000 is made '' in consideration and on condition that the above named Boards secure other subscriptions for this cause.''

The obligation on the part of Conger to pay was

based upon the promise of the claimant to obtain other subscriptions. The facts are, as established by the testimony, that other subscriptions were obtained through the agents of these boards, subsequent to the subscription of Conger; that the work of soliciting funds for this movement was continuing at the time of the trial, and that the expense of this work was being paid for by these boards. The promise made has been fulfilled by these boards and it is sufficient to establish a consideration and to sustain the obligation on the part of Conger to carry out the agreement which he made.

The claim, for these reasons, is allowed in full, with twenty-five dollars costs.

Decreed accordingly.