In the Matter of the Estate of SAMSON L. BLOCH, Deceased.

Surrogate's Court, New York County, February 23, 1945.

*Joseph A. Cox* for James F. Egan, as Public Administrator of the County of New York, petitioner.

*Conner & Chopnick* for Fanny Margolin, respondent.

*Blum & Jolles* for Consulate General of the Republic of Poland on behalf of Anna Bloch and others, nationals of the Republic of Poland, respondents.

*Edward A. McInnes,* attorney designated by Alien Property Custodian for Anna Bloch and others, persons within enemy-occupied territory, respondents.

FOLEY, S. In this contested accounting proceeding the principal dispute arose over the claim of the decedent's sister, Fanny Margolin, against the estate for the sum of $2,000. It is based upon a check in that amount drawn by the decedent on his account in the Guaranty Trust Company of New York to the order of Mrs. Margolin, the claimant. It is dated March 20, 1941. Mr. Bloch was a resident of Paris, France, which was then occupied by Germany. His sister was then living in that part of France not occupied by the Nazi forces. At about the time of the drawing of the check he told Mr. Kulischer, his friend of many years, that he intended to make a gift of the amount of the check to his sister. The check was subsequently delivered by the decedent to his son, who gave it to Mr. Kulischer, with instructions to give it to Mrs. Margolin. Mr. Bloch died on March 27, 1941, approximately one week after the drawing of the check and before its delivery to Mrs. Margolin. Necessarily, because of war conditions there was never an opportunity for presentation for payment at the trust company in New York either before the death of the decedent or before its delivery to the claimant.

Upon these facts it is conceded by all the parties that if the law of New York controlled, the alleged gift was void because death terminated the agency and because of the failure of payment by the bank before death. (*Matter of Ludlam,* 158 Misc. 283, and cases cited therein.) The check " was the voluntary and unenforcible promise of an executory gift ". (CARDOZO, J., in *Dougherty* v. *Salt,* 227 N. Y. 200, 202, citing *Harris* v. *Clark,* 3 N. Y. 93, and *Holmes* v. *Roper,* 141 N. Y. 64, 66.)

However, since the original transaction took place in France, the law of that country controls the validity of the gift. (2 Beale on Conflict of Laws, §§ 255.2, 255.3, 255.5, 255.6 and 336.1; New York Annotations, Supplement to Restatement, Conflict of Laws, Topic 3 [p. 188], §§ 255, 336; *Swift & Co.* v. *Bankers Trust Co.,* 280 N. Y. 135; *Amsinck* v. *Rogers,* 189 N. Y. 252.)

Each side to this controversy submitted upon the trial the testimony of an expert on French law. The Surrogate accepts the opinion of Mr. Dube who testified against the claimant. He gave his opinion that the transaction was void as a gift. His opinion and conclusions were amply sustained by the pertinent decisions of the French courts, which he cited, and the applicable French statutes and extracts from recognized French commentators on the law. (" French Civil Law " by Colin et Capitant, Vol. III, pp.770, 771, 776 to 780; " French Civil Law " by Aubry et Rau, Vol. 10, pp. 576, 577, 580 to 582; *Matter of Desclaux-Boulon* v. *Dodon and Duboscq, Cour de Cassation,* cited in " Dalloz Repertoire de Legislation et de Jurisprudence," for the year 1903, p. 238; *Matter of Morizot et Guerard* v. *" Le Phenix " Company,* cited in " Dalloz " *supra,* for the year 1910, p. 464.) They are determined by the Surrogate to be the applicable law of France. (Civ. Prac. Act, § 344-a.)

Without limitation upon the adoption of the premises and general conclusions of this expert, the Surrogate finds, as a fact, that the persons to whom the check was entrusted by the decedent for delivery to his sister were his agents and not the agents of the claimant. Under the French law, death terminated their agency. In addition, under that law, the necessary formal acceptance of the gift by the donee was required to be made in the lifetime of the decedent. Death prevented either acceptance or ratification of the gift and thereby the transfer of the check had neither factual nor legal effect. Moreover, the Surrogate finds that the check was not an admission of a debt. These determinations necessarily lead to the rejection of the opinion and conclusions of the expert on French law who testified for the claimant.

The claim of Mrs. Margolin is, therefore, disallowed upon the merits.

(Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.)

Submit decree on notice settling the account accordingly.