RAIBLE v. HYGIENIC ICE & REFRIGERATING CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. ANIMALS (§ 70*)—INJURIES BY ANIMALS—SCIENTER.

It is not ordinarily negligence to permit a youth 15 years old to lead a horse, unless the horse has vicious or dangerous tendencies, of which the person charged with the negligence should have been aware.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 228–237; Dec. Dig. § 70.*]

2. ANIMALS (§ 74*)—INJURIES BY ANIMALS—VICIOUS PROPENSITIES—INSTRUCTIONS.

In an action for injuries from being kicked by a horse, where the evidence presented a question of fact whether the horse had previously shown a propensity for kicking, it was error not to instruct the jury that defendant's knowledge of the dangerous character of the horse was a prerequisite to plaintiff's right to recover.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 272; Dec. Dig. § 74.*]

3. MASTER AND SERVANT (§ 302*)—INJURY TO THIRD PERSONS—NEGLIGENCE OF SERVANTS—SCOPE OF EMPLOYMENT.

Plaintiff was called across the street by defendant's servant, and told to take a horse to drink, and the horse was given him in charge to that end. While so doing plaintiff was kicked and injured. The servant had no authority to employ assistance, nor was there any emergency making it necessary to call on a bystander to perform his personal duties. Held, that the servant's act was a delegation of his personal duty, beyond the

scope of his authority, and unauthorized; it being an act for his own convenience and accommodation, so that defendant was not responsible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

4. APPEAL AND ERROR (§§ 169, 248*)—QUESTIONS NOT RAISED AT TRIAL—RIGHT TO REVIEW.

Although questions are not raised on the trial, the Appellate Division may review them; it having jurisdiction to review questions of law or fact, with or without exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034, 1466; Dec. Dig. §§ 169, 248.*]

5. APPEAL AND ERROR (§ 1177*)—REVERSAL.

A motion for a new trial brings before the Appellate Division the entire case for review, and in the exercise of its plenary power it should grant a new trial, when no ground of liability is shown to exist against defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

6. APPEAL AND ERROR (§§ 169, 248*)—QUESTION NOT RAISED AT TRIAL—RIGHT TO REVIEW—WHEN EXERCISED.

The power of the Appellate Division to reverse without an exception, or where the question was not raised in the court below, will be sparingly exercised, and only in extreme cases; but when the question involves the entire controversy, and entirely eliminates the liability of defendant, the court should exercise its power.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1034, 1466; Dec. Dig. §§ 169, 248.*]

Appeal from Trial Term, Albany County.

Action by Adam Raible, by his guardian ad litem, against the Hygienic Ice & Refrigerating Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

The plaintiff, 15 years of age, was kicked by a horse which he had been leading to a watering trough to drink. The horse was one of a number used by the defendant in its business of manufacturing and selling ice. They were kept in a stable under the charge of a stableman named Joyce, whose duty it was to care for them and give them food and drink. The watering trough was 168 feet from the stable. The plaintiff testified that he was on the opposite side of the street from where the horses were stabled, when Joyce beckoned to him and told him to take the horse to drink, and unloosened the horse in the stable and gave him in charge of plaintiff. On returning from the watering trough he received his injuries. He says that he had never lead any horse of the defendant before that occasion. For the injuries thus received he has recovered a judgment against the defendant, and the latter appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Buchanan, Lawyer & Whalen (George Lawyer, of counsel), for appellant.

H. J. Crawford, for respondent.

COCHRANE, J. There are two serious objections to this judgment:

First. It is not ordinarily negligence to permit a youth 15 years old to lead a horse, unless the horse has vicious or dangerous tendencies, of which the person charged with the negligence should have been

aware. The evidence presented a question of fact as to whether or not
the horse had previously manifested a propensity for kicking; but
this question was not submitted to the jury. As the case was left with
them, they may very well have found the defendant liable, although at
the same time believing that the horse had previously shown no vicious
or dangerous habits. They should have been instructed that the dan-
gerous character of the horse was a necessary prerequisite to plaintiff's
right to recover; whereas they were permitted to render their verdict
irrespective of that fact. The case was submitted to the jury on an
erroneous theory.

Second. The act of the stableman, Joyce, in intrusting the horse to
plaintiff, was a delegation of his personal duty, and the substitution
of another in his place, which was clearly beyond the scope of his
authority, and unauthorized by the defendant. Driscoll v. Scanlon,
165 Mass. 348, 43 N. E. 100, 52 Am. St. Rep. 523; Marks v. Rochester
Railway Company, 146 N. Y. 181, 189, 40 N. E. 782, 784. It is not
claimed that Joyce had any authority to employ assistance, or that
any emergency existed which made it necessary for him to call on a by-
stander to perform his personal duties. In the Marks Case, supra,
the plaintiff was injured while temporarily rendering a gratuitous
service at the request of the driver of a horse car which had become
involved in a blockade, and the court said in discussing this question:

"It is not claimed that the driver had any general authority to employ serv-
ants for the defendant. If he had authority to employ assistance under the
circumstances of the case, it was an authority outside of the general scope
of his employment. Clearly he had no authority, express or implied, to call
upon bystanders to assist him in the discharge of any service which he himself
could reasonably perform. If third persons undertook, upon his solicitation
and for his convenience, to assist him in extricating the car from the blockade,
when he could have accomplished the work himself, no authority to employ
assistance could be implied."

In this case Joyce, so far as appears, had no more authority to call
on the plaintiff and permit him to lead this horse to water than he
would have had to employ a man to act as a substitute for him in the
performance of his duties for an indefinite period of time without the
knowledge of his employer. His act in substituting the plaintiff in
his place was a personal one, for his own convenience and accommoda-
tion, for which the defendant was not responsible.

It is claimed that the foregoing questions were not raised at the trial.
This court is clothed with jurisdiction to review questions of law or
fact, with or without exception. That such power exists is firmly
established by authority. McGrath v. Home Insurance Company, 88
App. Div. 153, 84 N. Y. Supp. 374; Gillett v. Trustees of Village of
Kinderhook, 77 Hun, 604, 28 N. Y. Supp. 1044; Matter of Brundage,
31 App. Div. 348, 52 N. Y. Supp. 362; Gowdey v. Robbins, 3 App. Div.
353, 38 N. Y. Supp. 280. The motion for a new trial brought before
the trial court, as it brings before this court, the entire case in review,
and in the exercise of its plenary power it should grant a new trial,
when, as in this case, no ground of liability whatever is shown to exist
against the defendant. The power of the court to reverse without an
exception, or where the question was not raised in the court below,

will be sparingly exercised, and only in extreme cases; but when the question is far-reaching and involves the entire controversy, and entirely eliminates the liability of defendant, as the record here discloses, a situation is presented which makes it the duty of the court to exercise such power.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

