## MAYOR, LANE & CO. v. COMMERCIAL CASUALTY INS. CO.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

INSURANCE (§ 328*)—WARRANTY—BREACH.

 In a policy insuring the owner of an automobile truck from loss aris-
ing by reason of its ownership, maintenance, or use, a warranty that
"none of the automobiles herein described are rented to others" spoke as
of the date of the policy, and hence was not violated because thereafter,
and at the time of the accident on which the assured's cause of action
was based, it was rented to others.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 794–822, 825;
Dec. Dig. § 328.*]

Appeal from City Court of New York, Trial Term.

Action by Mayor, Lane & Co. against the Commercial Casualty In-
surance Company. From a judgment dismissing the complaint at

the close of the plaintiff's case, plaintiff appeals.   Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Charles M. Russell, of New York City (Walter L. Post, of New York City, of counsel), for appellant.

Otto D. Parker, of New York City, for respondent.

BIJUR, J.   The action is brought on a policy of .insurance issued to plaintiff in respect of an automobile truck owned and operated by it.   The cause of action arises out of a suit brought against the plaintiff by reason of an accident and the settlement of that suit, after ample notice to defendant to undertake the defense thereof.   The insurance covered loss arising "by reason of the ownership, maintenance, or use" of the automobile in question.

Apparently the dismissal was based on the theory that plaintiff's testimony disclosed a warranty in the policy to the effect that "none of the automobiles herein described are rented to others"; whereas, the automobile involved in the accident was rented to others.   The warranty in the policy, however, speaks as of its date—i. e., May 14, 1912—and cannot be held to have been violated because the automobile was rented out at the time of the accident, April 24, 1914.   See Smith v. Mechanics' Co., 32 N. Y. 399.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.