MAYOR, LANE & CO. v. COMMERCIAL CASUALTY INS. CO.   (No. 7842.)

(Supreme Court, Appellate Division, First Department.   November 12, 1915.)

1. INSURANCE ⊙⟶332¼, New, vol. 14 Key-No. Series—INDEMNITY—WARRANTIES OF POLICY—CONSTRUCTION.

Where a policy for indemnity against accidents in the operation of an automobile contained a warranty that "none of the automobiles herein described are rented to others," the warranty must be construed as of the date when the policy took effect, and is not a continuing warranty, so as to defeat recovery where the truck is subsequently rented to others.

2. INSURANCE ⊙⟶512—INDEMNITY—BREACH OF INSURER—FAILURE TO DEFEND.

Although a policy for indemnity against accidents in operating an automobile provides that the insurer shall defend actions brought against the insured by reason of accidents, and the insurer refuses to defend an action, it is not therefore bound absolutely by a settlement of an action by the insured.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⊙⟶512.]

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INSURANCE ⬤═⫸512—INDEMNITY—DEFENSE OF ACCIDENTS.

Where a policy of insurance provides that the insurer will defend accidents arising by reason of the thing insured against, it is a breach of the contract for the insurer to refuse to defend an action under the policy, and it is not discharged from liability therefor because of the fact that the insured made a settlement of the action, for a provision of the policy forbidding a settlement without the written consent of the company must be limited to cases wherein the company performs its contract by defending the action.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬤═⫸512.]

4. INSURANCE ⬤═⫸512—LIABILITY INSURANCE—LIABILITY OF INSURER—SETTLEMENT BY INSURED.

A policy insuring against "loss or expense resulting from claims upon the insured for damages for personal injuries" by accidents in operating an automobile, provided that no action should lie except for loss or expense paid in money by the insured "after actual trial of the issues." Insured was sued for an accident, and, the company refusing to defend on notice as the policy required, the insured settled the claims after all the evidence was in and before submission to the jury. Held, that the policy could not be construed to forbid the settlement made, in view of the strict construction of insurance policies against the insurer, especially as the insurer, by breach of its contract to defend, had waived its right to insist on observance of the condition against settlement until after trial.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬤═⫸512.]

5. INSURANCE ⬤═⫸512—INDEMNITY—SETTLEMENT BEFORE JUDGMENT.

A settlement of a claim for personal injuries covered by a policy of accident insurance, under which the insurer fails to defend as agreed, does not conclude the insurer; but by such settlement the insured assumes the burden of showing a liability covered by the policy and its amount, and cannot recover more than the actual loss sustained, regardless of the amount of the settlement.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬤═⫸512.]

Ingraham, P. J., dissenting in part, and Clarke, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Mayor, Lane & Co. against the Commercial Casualty Insurance Company. Judgment for plaintiff was affirmed by the Appellate Term (150 N. Y. Supp. 624), and defendant appeals. Modified and affirmed.

See, also, 153 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Henry Siegrist, of New York City (Otto D. Parker, of New York City, on the brief), for appellant.

Walter L. Post, of New York City, for respondent.

LAUGHLIN, J. This is an action on an indemnity insurance policy issued by the defendant to the plaintiff on the 14th day of May, 1912, by which it insured the plaintiff "against loss and expense resulting from claims upon the assured for damages on account of bodily injuries, including death accidentally suffered by any person or persons, by reason of the ownership, maintenance, or use of" an automobile truck owned by the plaintiff, for the period of one year from the

19th day of June thereafter. The policy provided that 11 warranties were made a part of the contract, and that they "are acknowledged and warranted by the assured to be true upon the acceptance of this policy, except such as are declared to be matters of estimate only." The first warranty was with respect to the name of the assured; the second, its address; the third, that it was a New York corporation, and that its occupation was "wholesale plumbers' supplies"; the fourth was with respect to the number of automobiles owned by the assured; the fifth, the number of chauffeurs employed by the assured; the sixth, where the automobiles are principally used; and the seventh, where they are principally kept. The eighth was to the effect that the schedule to be filled out in the blank following the printed matter in that warranty contains a full description of the automobiles to be covered by the policy "and a full statement of the uses to which each is to be put." That blank space was filled out with a sufficient description of the truck, and under the heading "Use to Which Automobiles are to be Put" was filled in the word "Delivery." The printed matter in the ninth was as follows: "None of the automobiles herein described are rented to others, or used to carry passengers for a consideration, actual or implied, except as follows;" and in the blank space following was inserted, "No exceptions."

When the policy was issued, and when it took effect, the truck was used by the plaintiff for delivery purposes in its own business; but in the month of February thereafter it put the truck in storage with the New York Auto Garage Company, under an agreement by which it was to pay $10 a month for storage, and the Garage Company was to be at liberty to rent the truck, in which event it was to pay the plaintiff an agreed price per day or hour; but no agreement between plaintiff and the Garage Company with respect to the employment of a chauffeur, or payment for his services, when the truck should be rented. It appears that plaintiff did not continue any chauffeur in its employ after storing the truck. Counsel for plaintiff offered to stipulate that the Garage Company on occasions rented the truck and hired a chauffeur to operate it *for the plaintiff,* but this was not acceptable to the defendant; and finally a stipulation by defendant to the effect that the Garage Company paid for the services of the chauffeur when the truck was rented and charged the same to the plaintiff, and that the latter reimbursed it therefor, and that the plaintiff on some occasions after thus storing the truck, used it itself, and that on such occasions the Garage Company procured a chauffeur for the plaintiff and charged it for his services, was accepted by plaintiff.

[1] On the 24th day of April, 1913, one Schaeffer was injured by the truck, which had been sent out by the Garage Company, in charge of a chauffeur hired by it, to deliver laundry for the Morgan Steam Laundry Company. It appears by the testimony of the chauffeur that he was paid by the Garage Company. Schaeffer sued the plaintiff for the damages caused by the injuries, and it gave the defendant notice to defend in accordance with the provisions of the policy; but the defendant refused to defend, and assigned as one of the reasons there-

for that there was a breach of the warranty in the policy with respect to the use of the truck, claiming that the plaintiff had warranted that the truck *was not to be rented to others.* On a former trial the complaint was dismissed on that theory, and the Appellate Term reversed, holding that the provisions of the ninth warranty relate *to the time* the policy was *issued,* and do not constitute a warranty that the truck was not to be rented subsequently. Mayor, Lane & Co. v. Commercial Casualty Ins. Co., 150 N. Y. Supp. 624.

We are of opinion that the ninth warranty does not bar the maintenance of this action, and that in view of the eighth warranty, which was *general* with respect to the use to which the truck was to be put' for delivery purposes, and of the rule of strict construction against the insurance company which is applicable to such a policy, the ninth warranty should be construed as a warranty merely that the truck was not rented at the time the policy took *effect.* The case is clearly distinguishable on the facts from Hygienic Ice & R. Co. v. Phila. C. Co., 162 App. Div. 190, 147 N. Y. Supp. 754, where a divided court expressed the opinion that a warranty with respect to the use of vicious horses, although in the present tense, should be deemed a continuing warranty as to use; emphasis being placed upon the fact that, as the horses to be used were not described in the policy, the use was not limited to those then employed.

[2, 3] On the refusal of the defendant to defend the action brought by Schaeffer, the plaintiff defended and interposed an answer, denying the allegations of the complaint in that action to the effect that the chauffeur in charge of the truck at the time of the accident was in its employ. The pleadings in that action were introduced in evidence on the trial of this action; the complaint being introduced by the plaintiff, and the answer by the defendant. After the close of the evidence in the action brought by Schaeffer, and before it was submitted to the jury, the plaintiff settled with him for $850. On the trial of this action, the court ruled, in effect, as matter of law that that settlement was binding on the defendant without other proof; and the only questions submitted to the jury were with respect to an additional claim made by the plaintiff for its expenses in investigating and defending against the claim made by Schaeffer. This we think was error in any view of the case.

The learned counsel for the appellant contends that in no event can the defendant be held liable, either for the settlement made with Schaeffer or for the amount of the plaintiff's liability to Schaeffer, and he predicates that contention on provisions of the policy therein designated conditions C and D. Condition C, which is headed "Co-operation of Assured—Expense," provides as follows:

"The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses, and in prosecuting appeals; but the assured shall not voluntarily assume any liability, or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at the assured's own cost, without the written consent of the company previously given, except that the assured may provide at the company's expense such immediate surgical relief as is imperative at the time of the accident."

Condition B, which preceded condition C, required the assured to immediately forward to the company every summons or other process served upon it to enforce a claim for damages covered by the policy, and provides that:

"The company will, at its own cost, defend such suit in the name and on behalf of the assured."

The defendant was guilty of a breach of its contract in failing to defend the Schaeffer action. We are of opinion that condition C, forbidding a settlement without the written consent of the company, should be limited to cases in which the company performs its contract obligations with respect to defending an action. This is indicated by the heading and context, which relate to "co-operation" by the assured; and like provisions of a similar policy have been so construed. Upton Cold Storage Co. v. Pacific Co., 162 App. Div. 842–845, 147 N. Y. Supp. 765; Matter of Empire State Surety Co., 214 N. Y. 553, 564, 565, 108 N. E. 825.

[4] Condition D, which is headed "Assured's Right of Recovery," is as follows:

"No action shall lie against the company to recover for any loss or expense under this policy, unless it shall be brought by the assured for loss or expense actually sustained and paid in money by the assured after actual trial of the issues, nor unless such action is brought within two years after payment of such loss or expense."

Condition M provides that the liability of the defendant for loss on account of an accident resulting in bodily injuries or death to one person is limited to $5,000; that the company will, as provided in conditions B and C,

"pay the expense of litigation in addition to the sum herein limited, and will also pay all costs taxed against the assured in any legal proceeding defended by the company."

We are also of opinion that condition D should not be construed as relieving the defendant from any liability to the plaintiff, unless the action is permitted to be prosecuted to judgment. If the defendant, notwithstanding its breach of the contract, were entitled to the benefit of the provisions of this condition limiting its liability to loss in expense actually sustained and paid "after the trial of the issues," still I think, in view of the rule of strict construction which obtains against the insurer, these provisions should be deemed satisfied when, as here, the assured refrained from settling until after a complete record of the facts relating to his liability was made by the presentation of all the evidence. In view of the first general provision, herein quoted, with reference to the indemnity intended to be given to the assured, the phraseology is not appropriate to require that the assured should refrain from paying until after *judgment*. In many indemnity policies that have come before the courts, the liability of the insurer is limited to loss sustained and paid by the assured *after final judgment*. See Upton Cold Storage Co. v. Pacific Coast Co., supra; Brassil v. Md. Casualty Co., 147 App. Div. 815, 133 N. Y. Supp. 187; Rosen-

bloom v. Md. Casualty Co., 153 App. Div. 23, 137 N. Y. Supp. 1064; White v. Md. Casualty Co., 139 App. Div. 179, 123 N. Y. Supp. 840. I am of opinion, however, that the Court of Appeals, by a decision not cited by either counsel, has finally disposed of this point by holding that where the insurer fails to perform its contract duty to defend, it waives the right to the benefit of provisions precluding the assured from settling and limiting its liability to losses sustained by the assured by judgment after the trial of the issues. Matter of Empire State Surety Co., supra.

[5] The insurer is not prejudiced by a settlement made by the assured of a liability covered by the policy. It undertook to indemnify him against such liability and also to defend the action. Having failed to defend, its liability and the extent thereof would have been conclusively determined by a judgment against the assured where it had notice to defend. When, however, the assured saw fit to settle before a recovery, he assumed the risk in an action against the insurer of showing, not only a liability covered by the policy, but the amount of the liability, and the recovery against the insurer would be limited by the loss sustained, even though the evidence might show that the settlement was for less than the liability. Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214, 67 N. E. 439; White v. Md. Casualty Co., supra; Cornell v. Travelers' Ins. Co., 175 N. Y. 239, 67 N. E. 578. The trial court, therefore, erred in holding that the defendant was liable for the amount paid by plaintiff in settlement of the action brought against him.

Moreover, it cannot be held on the evidence in this record as matter of law that the chauffeur was the servant of the plaintiff and engaged in its business at the time the truck inflicted injuries upon Shaeffer, especially in view of plaintiff's verified answer in Shaeffer's action denying that he was its servant and engaged in its business. See Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883. The facts upon which that question depends were not fully developed on the trial. The defendant, however, was clearly liable for the reasonable expenses incurred by the plaintiff in defending the action, and the evidence warrants the verdict of $950 rendered therefor.

The determination of the Appellate Term and the judgment of the City Court should therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff shall stipulate to reduce the recovery to $950, in which event the judgment should be modified accordingly, and, as so modified, it and the determination should be affirmed, without costs. Settle order on notice.

SCOTT and DOWLING, JJ., concur.

CLARKE, J. (dissenting). I vote to reverse, and to dismiss the complaint.

INGRAHAM, P. J. (dissenting in part). I concur with my Brother LAUGHLIN in his construction of this agreement, except as to the

clause which prohibits a settlement with any one claiming damage for personal injuries, except with the written consent of the defendant. I think it is clear that the defendant was bound to defend the plaintiff against a claim made against it for personal injuries resulting from an accident, whether the plaintiff was liable or not, and the defendant is therefore responsible for the expense of defending the Schaeffer action. The company having broken its contract in regard to defending the action, the plaintiff could go on and defend, and, if Schaeffer obtained a judgment, the defendant would be responsible, and also responsible for the expense of defending the action. The plaintiff, however, instead of submitting the question as to its liability, before the trial was ended voluntarily settled with Schaeffer, and for the amount paid in pursuance of such a voluntary settlement I do not think the defendant is liable. To hold it to such a liability, it seems to me, would be a violation of condition D, annexed to the policy, that "no action shall lie against the company to recover for any loss or expense under this policy, unless it shall be brought by the assured for loss or expense actually sustained and paid in money by the assured after actual trial of the issues, * * *" and also condition C, which expressly provides that "the assured shall not voluntarily assume any liability * * * or settle any claim, except at the assured's own cost, without the written consent of the company previously given."

I think, therefore, the judgment should be reduced to the amount of the cost of defending the Schaeffer action, and, as so modified, affirmed, without costs to either party on this appeal.