LAWRENCE v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Term, First Department.    July 7, 1916.)

1. INSURANCE ⬤⟿622(1)—ACTIONS—LIMITATIONS—PROVISIONS OF POLICY.
    Where an insurance company, which, by its policy, has agreed to indemnify insured against liability for damages suffered by any person by reason of work prosecuted on the premises of insured, and to defend any suit, even if groundless, refuses to defend a suit against insured, an action for breach of the contract by such refusal is not governed by a provision of the policy that no action shall lie against the company for any loss or expense under the policy, except after trial of the issue and within 90 days after payment of the loss or expense.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544; Dec. Dig. ⬤⟿622(1).]

2. INSURANCE ⬤⟿646(8)—ACTIONS—DIRECTION OF VERDICT—SETTING ASIDE VERDICT.
    Where insured in a liability policy, after refusal of the insurer to defend a claim against him for $5,000, and after suit brought, but before trial, settled the claim by a payment of $500, and paid his attorney $100, which was conceded to be a reasonable fee, and in an action against the insurer for breach of the contract to defend insured the court, on motion

of both parties for directed verdict, directed a verdict for the insured for $600, though there was no proof of liability of the insured, it was error to set aside the verdict rendered pursuant to such direction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1665; Dec. Dig. ⬦⟜646(8).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Gustavus L. Lawrence against the Massachusetts Bonding & Insurance Company. From a judgment for defendant, dismissing the complaint on the merits, and from an order setting aside a verdict directed for plaintiff, plaintiff appeals. Reversed, and verdict reinstated.

Argued March term, 1916, before LEHMAN, P. J., and PENDLETON, and WHITAKER, JJ.

Sydney W. Stern, of New York City, for appellant.

Alfred E. Holmes, of New York City (F. H. J. Maxwell, of New York City, of counsel), for respondent.

LEHMAN, J. On April 22, 1913, the defendant agreed to indemnify the plaintiff for liability for damages on account of bodily injuries suffered by any person by reason of certain work which was to be prosecuted on premises owned by the plaintiff. The defendant also agreed to defend any suit, even if groundless. The policy contained a provision that:

"No action shall lie against the company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense incurred and paid in money by the assured, after trial of the issue; nor unless such action is brought within 90 days after the payment of such loss and expense."

At the trial it appeared that the plaintiff's watchman was injured by a fall into a hole on the premises left by a contractor engaged in the prosecution of the work described in the policy of insurance. The watchman died as a result of the injuries. His administratrix then began suit against the plaintiff, and the insurance company refused to defend the suit on the ground that the accident was not covered by the policy of the insurance. Thereafter, on the 30th day of December, 1913, the plaintiff, upon the advice of his counsel and with the approval of the surrogate, compromised the said action by payment of the sum of $500. On December 7, 1915, the plaintiff started the present action for breach of the defendant's agreement to defend the action, claiming that the damages for such breach are the sum of $500, paid in settlement of the original action, and $100 counsel fee, paid therein. The defendant conceded at the trial that the counsel fee was reasonable, but no proof was presented to show that the plaintiff was actually liable in the negligence action. At the close of the trial both sides moved for the direction of a verdict, and the learned trial justice directed a verdict for the plaintiff, but reserved decision on the motion to set aside the verdict. Thereafter he set aside the verdict and dismissed the complaint, on the ground that the action was not brought within 90 days after the payment of the loss and expense. The defendant now seeks to sustain the judgment of dismissal

on various grounds, but I think that only two of the contentions raised require serious consideration, viz., that the plaintiff has presented no evidence that he was liable to the administratrix of the deceased, and that the action was not brought within the time limited by the contract.

[1] In determining the rights of the parties in this action it seems to me that the most important consideration is that the action is not brought to enforce the agreement to indemnify the plaintiff for loss and expenses, but is brought for damages for failure to defend an action. The defendant agreed to defend all actions, even an action which is groundless. It broke this agreement, and is liable for the damages caused by its breach. This action is brought for these damages. In addition, the defendant insured the plaintiff against "loss from the liability imposed by law upon the assured for damages on account of bodily injuries suffered" in certain cases; but this action is not predicated upon the express agreement of the defendant to pay the loss and expenses caused by an accident covered by the policy. The limitation in the policy is, I think, by its plain terms intended to cover an action for such loss and expenses, and is not intended to cover an action for damages caused by the breach of the covenant to defend. Inasmuch as the limitation applies only to actions brought to recover any loss or expense "under this policy," against which the defendant expressly agreed to indemnify the plaintiff, while this action is brought to recover damages for breach of contract to defend, the present action is subject only to the limitation of the statute, and not to any limitation provided in the contract. In other words, I think that a fair construction of the contract is that the defendant agreed to pay any loss or expense, and provided the manner in which such loss or damage must be proven, and a limitation on actions to prove such loss or damage. It has itself made it unnecessary, if not impossible, by its own wrongful act, for the plaintiff to prove the damages in the manner agreed upon. The contract never contemplated that the defendant would breach its contract, and it contains no provisions for an action for such breach of contract. Such an action, consequently, is governed by the ordinary rules of law governing actions for breach of contract.

[2] The same considerations in my opinion must determine the question of whether, in such an action, the plaintiff must prove that he was liable to the administratrix of the deceased. In the case of Mayor, Lane & Co. v. Commercial Casualty Ins. Co., 169 App. Div. 772, 155 N. Y. Supp. 75, the Appellate Division reversed a judgment for the amount paid in settlement of a claim, where the defendant had also wrongfully refused to defend, holding that:

"When * * * the assured saw fit to settle before a recovery, he assumed the risk in an action against the insurer of showing not only a liability covered by the policy but the amount of the liability."

The rule of law there announced is clearly binding upon us, if it is applicable to the present case. The opinions in that case show, however, that the court construed the action as one to enforce the covenant to indemnify, and not as an action for breach of contract to de-

fend. The effect of the covenant to defend was considered only in its bearing upon the question of whether the defendant, by breaching this covenant, had waived any benefit of the clause precluding the plaintiff from settling an action, and the opinion of the Appellate Division must be read in the light of the question considered by it. In the present case, however, as pointed out above, the action is for this breach. There can be no question but that such an action would lie, even if the contract contained no covenant of indemnity. In such an action the plaintiff is entitled to recover his proximate damages. There can be no question that the reasonable value of the services of an attorney in defending the original action are proximate damages for the defendant's failure to defend the action itself. In this case the services of the attorney up to the time of the settlement were concededly worth $100.

There remains, however, the question whether the amount paid upon the settlement was also proximate damages. In the case of St. Louis Beef Co. v. Casualty Co., 201 U. S. 173, at page 182, 26 Sup. Ct. 400 at page 404 (50 L. Ed. 712), the court stated:

"We assume that the settlement was reasonable, and that the plaintiff could not * * * escape at less cost by defending the suits. If this were otherwise, no doubt the defendant would profit by the fact. The defendant did not agree to repay a gratuity, or more than fairly could be said to have been paid upon compulsion. But a sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution."

As I read this case, as well as the various cases in New York, in which this question has been considered and the doctrine of the federal decision followed (Mayor, Lane & Co. v. Commercial Casualty Insurance Co., supra; Matter of Empire State Surety Co., 214 N. Y. 553, 108 N. E. 825), the true rule is that, where a settlement is made after failure of the insurance company to defend the action the insured is entitled to recover the amount paid in settlement of the action only upon proof of actual liability, where the amount paid is more than the reasonable and probable cost of defending the action but may recover the amount so paid without such proof where the settlement is no more than the reasonable cost of defending the action, even though the insured would be ultimately not liable. In the one case the claim against the insurer would obviously be for indemnity; in the second case, the claim for damages would obviously be for the damages directly caused by the failure of the insurer to defend the action. In this case, therefore, the real question is whether there is any evidence in this case that the settlement of the action brought by the administratrix was a reasonable settlement of a groundless action.

Upon this point the evidence showed that the deceased met his death by negligence for which it was claimed that the plaintiff was responsible. We must therefore assume that the administratrix would have recovered substantial damages if the insured had been responsible, and the amount of possible liability would be one element in determining the value of the attorney's services in defending such an action. It was also conceded that the reasonable value of the services of the attorney without a trial was $100. It seems to me that under these

circumstances we have a right to infer that the services of an attorney upon the trial and upon a possible appeal would be reasonably worth $500 in addition. Certainly, if the court upon these facts were asked to approve in advance of a contract by which a defendant in a negligence action agreed to pay his attorney the sum of $600 for all proceedings in the action until its final determination, it would be justified in holding such a contract reasonable. If in this case we should sustain the defendant's contention that actual liability in the negligence action must be shown, then it follows that an insured, who has a contract by which an insurance company agreed to defend all actions, even though groundless, must go to the trouble and expense of actually defending the action until its final determination or lose the benefit of the insurance company's covenant to defend the action.

The order setting aside the verdict should therefore be reversed, and the verdict reinstated, with $30 costs of the appeal.

PENDLETON, J. (concurring). [1] The cause of action set forth in the complaint is for damages for breach of the covenant to defend, and I quite agree that this is not an "action to recover for loss or expenses under the policy," and therefore not within the provisions of clause E of the policy, and is governed by the usual rules of law relating to actions for breach of contract, and the order setting aside the verdict must therefore be reversed.

[2] A cause of action for failure to pay the loss and expenses may be joined with one for breach of covenant to defend. To recover on such a cause of action, if a settlement has been made, the plaintiff must prove the liability. Mayor, Lane & Co. v. Commercial Casualty Insurance Co., 169 App. Div. 772, 155 N. Y. Supp. 75. But, where the action is only for breach of covenant to defend, the measure of damages is the cost of defending. What this would be is a question for the jury, and it is not permitted to speculate as to what such amount might be or the jury might have found. The amount paid in settlement is immaterial, except that in no event could plaintiff recover more than he paid out. The direction of a verdict for plaintiff was therefore error and the verdict should not be reinstated, if defendant is in a position to raise this question, but a new trial should be ordered. Both parties, however, having moved for the direction of a verdict, defendant, not having asked to have the question of the amount of damages submitted to the jury, must be held to have conceded that there was no question of fact involved, and cannot now be heard to the contrary.

Order setting aside the verdict reversed, and verdict reinstated, with $30 costs of appeal.

WHITAKER, J. (concurring). Plaintiff was having a building constructed in the Bronx, and defendant had issued to him a policy of insurance against accident. The work was being done by contractors. Plaintiff had a watchman on the work, but no other employés. The contractor left an open hole on the work, into which the plaintiff's watchman fell and was killed. The administratrix of the deceased watchman made a claim against plaintiff for damages based upon his

alleged negligence. Plaintiff duly notified the defendant of the accident and claim, and requested it to take charge of the case and defend it according to the terms of its policy of insurance. The defendant absolutely repudiated all liability and refused to take charge, defend, or take any steps whatsoever in the matter. Thereafter the administratrix of the deceased watchman commenced an action against plaintiff and served him with a summons in the Supreme Court. Plaintiff interposed no answer, but settled the action, with the approval of the Surrogate's Court, by the payment of $500 to the administratrix and the sum of $100 to plaintiff's attorney therein for his services. Defendant concedes this $100 was a reasonable payment.

The final settlement was made, and the money was paid to the administratrix and to plaintiff's attorney, on January 3, 1914. This action was not begun until December, 1915. The defendant bases its defense upon three grounds: First, that the plaintiff was not justified under the terms of the policy in settling the claim, and was required to show on this trial the legal liability of the defendant and the reasonableness of the sum paid in settlement; second, that there was a breach of warranty by reason of plaintiff having represented that he had no employés upon the work; third, that the plaintiff was required in any event to begin his action within 90 days after the money in settlement had been paid.

The provisions of the policy in so far as they are material provided as follows:

"In consideration of the premium herein provided, the Massachusetts Bonding & Insurance Company, of Boston, Massachusetts (called the company), hereby agree to indemnify the assured referred to in the schedule of warranties, and subject to the limits hereinafter provided for, against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered by any person or persons whomsoever, by reason of the prosecution of the work described in the schedule, and caused by the negligence of any contractor or subcontractor engaged in such work, or any part thereof, provided such bodily injuries or death are suffered as the result of accident within the period stated in the schedule."

"B. It is agreed that all work mentioned in the schedule is to be done by written contract at the risk of the contractor or contractors, and that the assured has not and will not by contract or otherwise voluntarily assume any liability for loss on account of injuries or death suffered by any person or persons. It is agreed that no employé of the assured shall be engaged on work in the premises herein described, except watchman caring for premises and material, nor shall the assured furnish any material or appliances, or assume any supervision of the work herein described, unless an agreement to the contrary is specifically indorsed thereon."

"D. If thereafter any suit, even if groundless, is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, and subject to the limitations contained in condition O hereof, defend or at its option settle such suit in the name and on behalf of assured."

"E. No action shall lie against the company to recover for any loss or expense under this policy, unless it shall be brought by the assured for loss or expense incurred and paid in money by the assured, after trial of the issue, nor unless such action is brought within ninety (90) days after the payment of such loss or expense; but if any provision of this condition is in conflict with the statutes of any state within which this policy covers, the condition

shall be inoperative within such states, in so far as the statutes conflict with such provision."

"Q. The following warranties, numbered 1 to 10, inclusive, are hereby made a part of this contract, and are acknowledged and warranted by the assured to be true upon the acceptance of this policy, except such as are declared to be matters of estimate only:

### "Warranties.

"(1) Name of assured: Gustavus L. Lawrence.

"[Description of property and unnecessary warranties omitted.]

"7. No employé of the owner is engaged in any work on the premises here-in described, except as follows: No exceptions."

[2] As to the first point raised by the defendant, it should be kept in mind that the defendant was required under the terms of its policy to defend suits brought against plaintiff even if such suits were ground-less. So that its obligation to defend the plaintiff did not depend upon the question of plaintiff's legal liability in such suit. This takes the present case out of the line of cases similar to Cornell v. Travelers' Insurance Co., 175 N. Y. 239, 67 N. E. 578, which holds that the in-surance company generally is only required to defend suits where there is a legal liability on the part of the insured, and that such policies only cover cases where there is such legal liability. I think it follows, therefore, that defendant's refusal to comply with the plaintiff's re-quest to defend or take charge of the claim made against the plain-tiff was a complete violation and repudiation of its contract.

This being so, the defendant waived its right to insist upon an actual trial of the issues, in the suit brought against the plaintiff. It was fully in its power to have had such a trial, it was actually requested to do so, and it refused. Defendant should not, therefore, be allowed to take advantage of its own wrong to the disadvantage of the plain-tiff, who upon his part had fully lived up to the terms of the con-tract. The foundation of defendant's defense in this respect is based upon its own wrong. As was held in the case of Cornell v. Travelers' Insurance Co., supra, the defendant, by refusing to defend the suit, took its chances of any future liability that might be imposed upon the plaintiff. The defendant waived its right to insist upon a suit and judgment determining the amount of liability. Mayor, Lane & Co. v. Commercial Casualty Co., 169 App. Div. 772, 155 N. Y. Supp. 75; Matter of Empire State Surety Co., 214 N. Y. 553, 108 N. E. 825.

There was only one other manner in which to determine the amount and liability of plaintiff and that was by the plaintiff using a rea-sonable care and discretion in such determination, and I think the facts disclosed by the record are ample to show that such reasonable care and discretion were used. At least there was, in my opinion, ample proof shown upon the trial to have cast the burden upon the defendant of showing the settlement was not a proper one. It would certainly be impracticable, if not impossible, upon this trial for the plaintiff to establish his legal liability in the action brought against him by the administratrix of Filardo, the decedent. He admitted his lia-bility after advice of counsel, and if the defendant waived the right to have plaintiff's liability settled by a trial in that action there is no reason why the waiver should not apply to this action. If there was

a waiver (and the Appellate Division and Court of Appeals have held there was), the right waived must have been the right to have the liability and amount settled by a judgment of a court of law. To hold that in this action such a legal liability must be determined by a judgment of the court would in effect be to hold that there was no waiver.

I do not think, therefore, that when the court in the case of Mayor, Lane & Co. v. Commercial Casualty Co., supra, used the phrase, "When however, the assured saw fit to settle before recovery, he assumed the risk in an action against the insurer of showing, not only a liability covered by the policy, but the amount of the liability," it meant to hold that such liability and the amount thereof must be determined by requiring the plaintiff in this action to virtually try the case against himself in the other action in the same manner that it would have been tried had no settlement been made. To quote the phrase used by Mr. Justice Holmes, and which was approved by the Court of Appeals in the Matter of the Empire State Surety Co., supra:

"The defendant by its abdication put the plaintiff in its place with all its rights."

I think, therefore, the plaintiff was justified in settling the claim, and that there was sufficient evidence to show plaintiff's legal liability, and that the amount paid on the settlement was a reasonable amount, and that the plaintiff used sufficient care and discretion in the settlement, to sustain the verdict directed by the court.

Concerning the second ground of defendant's defense, that there was a breach of warranty by reason of plaintiff having represented that there were no employés: The body of the policy expressly states that it was agreed that no employé of the assured shall be engaged in work in the premises described "except watchman caring for the premises and material." This provision expressly eliminates watchmen, and shows clearly a plain intention to exclude watchmen from the term "employés." Furthermore, there was no evidence that at the time the policy was issued there was a watchman on the premises employed by plaintiff. Therefore the warranty may have been perfectly true when made, and it only relates to the time when made. Mayor, Lane & Co. v. Commercial Casualty Co., supra. I do not think that this defense is maintainable.

[1] The third defense, which alleges plaintiff's failure to bring his action within 90 days after the money in settlement had been paid, is a more plausible one, concerning which differences of opinion may well be maintained. This action as matter of fact was not brought until about a year after the payments in settlement of the suit against plaintiff by Filardo's administratrix were made, and the learned justice of the Municipal Court has written a strong opinion holding that the 90-day limitation was in force and applicable, and barred the plaintiff from bringing this action. I am unable to agree with the learned justice for the following reasons:

My first reason for differing with him is that the decisions of the Court of Appeals and the Appellate Division are direct authority for holding that there was a clear waiver of the requirement that there

should be a trial of the issues, and if a trial of the issues was waived it seems to me for the same reason the limitation of 90 days was waived; it being in pari materia.

My second reason is I do not agree with the construction given the policy by the Municipal Court. The provision in question is paragraph E of the policy and reads as follows:

"No action shall lie against the company to recover for any loss or expense under this policy, unless it shall be brought by the assured for loss or expense incurred and paid in money by the assured, after trial of the issue, nor unless such action is brought within 90 days after the payment of such loss or expense."

There are certain well-recognized rules of interpretation and construction which apply and which must be observed: First, the intention of the parties must govern, if ascertainable; second, the contract having been drawn by the defendant, it must be construed most strongly against it; third, insurance contracts, where there is any ambiguity, must be given a meaning most favorable to the assured. The actual reading of this clause shows that no provision is made for money paid in settlement of a claim, unless the "issues have been tried," and discloses clearly that there is no limitation placed upon actions to recover for loss or expense, where there has been no "trial of the issues." As matter of fact it is perfectly clear that the defendant never intended that there should be any such limitation, because it expressly repudiates the claim that an action is maintainable at all where there has been no such trial. And the defendant is inconsistent when it says, under the terms of the policy, no action will lie to recover for a settlement where there has been no "trial of the issues." Nevertheless you must, under the terms of the policy, bring such an action within 90 days. The policy contains no 90-day limitation which is applicable to the case at bar, and the defendant never intended that it should contain any such limitation. Its limitation is only against actions to recover "loss and expenses" where there has been a "trial of the issues."

Inasmuch, however, as there is apparently considerable divergence of opinion upon the proper construction to be placed upon this provision, two courts and two able members of the bar having differed, under the rules of interpretation above referred to, the question should, I think, be resolved in favor of the appellant, and that the order should be reversed, with $30 costs to appellant, and the verdict in favor of plaintiff reinstated, with costs.