Coon, J.
Appellant, American Employers’ Insurance Company, appeals from an order denying its motion for leave to intervene as a party defendant in these actions, made pursuant to clause (b) of subdivision 1 of section 193-b of the Civil Practice Act.
The actions were brought to recover for the wrongful death of two decedents who were killed in an airplane crash on August 16, 1947, while passengers in a private plane owned by the defendant.
Appellant insurance company had issued to the defendant an aviation liability policy covering the plane involved in the crash. Following notice of the accident, however, and as a result of its own investigation, the insurance company unequivocably disclaimed liability on specified grounds not available from the complaints, that the crash occurred under circumstances which excluded coverage under the policy. It formally notified the defendant in writing of its disclaimer of liability on December 23,1947.
The actions were commenced on March 21, 1949, and in due course the summonses and complaints were forwarded to the insurance company, and in turn by it to its attorneys. The time to answer was extended by stipulation until April 16, 1949. On April 15, 1949, the summonses and complaints were returned to the defendant with a formal reaffirmance of the previous disclaimer of liability on the part of the insurance company, and it refused to defend the actions unless the defendant executed a nonwaiver agreement, which was declined. The defendant thereupon appeared in the actions by its own attorneys but did not interpose answers, and on September 9,1949, default judgments were entered in favor of the plaintiffs for $18,415.50 in the Krenitsky action and for $33,805.50 in the Buckeridge action, following proof before the court without a jury.
The insurance company then, for the first time, exhibited an interest in the actions and indicated its desire to take some further steps therein. Just what steps it does not make clear, but suggests the possibility of moving to reopen the defaults or appealing from the judgments. The insurance company then sought to have its attorneys substituted as attorneys of record for the defendant, but only with the reservation of its rights' to disclaim liability and the execution of nonwaiver agreements by the defendant. When this was declined the insurance com *513 pany for the first time sought to intervene as a party defendant.
It is important to note that the insurance company concedes that if its attorneys acted as attorneys for the defendant it would effect the same relief as intervention.
Clause (b) of subdivision 1 of section 193-b of the Civil Practice Act, so far as pertinent here, reads as follows: ‘‘ 1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: * * * (b) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action ”.
Under the rather unusual circumstances outlined above it is the contention of the insurance company that its application for intervention is timely, and that it is entitled to intervene as a matter of right because representation of its interest is or may be inadequate and that it is or may be bound by the judgments. The fallacy of this contention is that the insurance company has at all times insisted that it has no interest to be protected, adequately or otherwise, and even now refuses to retreat from its position that it is not bound by the judgments.
It not only had full opportunity to defend these actions, but was under a legal duty to do so. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148,153.)
Intervention is not really what it seeks, but rather reinstatement after its voluntary withdrawal and continuous refusal to participate.
If, under such circumstances, the insurance company ever had a right to intervene in the actions, it has waived it. With full knowledge of the facts and in the absence of any wrongful inducement of any nature, it has made an election and is bound thereby. By refusing to defend, it has forfeited to the defendant the right to control its defense of the actions. (St. Louis Dressecl Beef and Provision Co. v. Maryland Cas. Co., 201 U. S. 173; Matter of Empire State Surety Co., 214 N. Y. 553; Mayor, Lane & Co. v. Commercial Cas. Ins. Co., 169 App. Div. 772.)
If it can be said that the appellant insurance company has not effectively waived its right to participate in this litigation, its application for intervention is not timely. By the use of the word “ timely ” in subdivision 1 of section 193-b of the Civil Practice Act, it is apparent that the Legislature intended the court to determine, under any given circumstances, the timeliness of the application. In the case at bar the insurance com *514 pany not only had full opportunity from the very outset to participate to the full extent which it now desires, hut it was urged to do so, and consistently refused throughout the entire progress of the litigation until after judgments were entered. It should not be permitted at this late stage to inject itself into the actions to the possible expense, disadvantage and delay to the present parties.
We have no quarrel with the cases cited by appellant holding that under certain unusual circumstances intervention may be permitted after judgment. We regard them as no authority for the timeliness of the application under the circumstances present here.
The order should be affirmed.
Foster, P. J., Heffernan, Brewster and Bergan, JJ., concur.
Order affirmed, with $25 costs and printing disbursements to the plaintiffs-respondents in one action; and, with $25 costs and printing disbursements to defendant-respondent Ludlow Motor Co., Inc. [See 277 App. Div. 800.]